# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                          )
**THOMAS PHILIP RAMSTACK,**               )
                                          )
      **Plaintiff,**               )
                                          )
      **v.**                       )          **Civil Action No. 08- 0658 (RMU)**
                                          )
**DEPARTMENT OF THE ARMY,**               )
**CENTRAL INTELLIGENCE AGENCY,** )
**and, U.S. DEPARTMENT OF STATE**         )
                                          )
      **Defendants.**              )
_____)


## DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants Department of the Army, Central Intelligence Agency, and U.S. Department

of State, by and through undersigned counsel, respectfully move this Court to dismiss Plaintiff's

Freedom of Information Act ("FOIA") and Privacy Act claims in this case for lack of jurisdiction

over the subject matter, failure to state a claim for which relief can be granted, and in the

alternative grant summary judgment. The grounds for this Motion are set forth in the

accompanying memorandum in support. A statement of material facts not genuinely in dispute

and draft Order are also filed herewith.[1]

---

[1] Plaintiff, pro se, is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. See Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988). Plaintiff should further take notice that any factual assertions contained in the affidavits and other attachments in support of Defendants' motion may be accepted by the Court as true unless Plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in Defendants' attachments. See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7(h), and Fed. R. Civ. P. 56(e).

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS D.C. Bar No. 43412
Assistant United States Attorney


_____/s/_____
LANNY J. ACOSTA, JR.,
Special Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                            )
**THOMAS PHILIP RAMSTACK**                  )
                                            )
              **Plaintiff,**                )
                                            )
       **v.**                               )        **Civil Action No. 08- 0658 (RMU)**
                                            )
**DEPARTMENT OF THE ARMY,**                 )
**CENTRAL INTELLIGENCE AGENCY**             )
**U.S. DEPARTMENT OF STATE**                )
                                            )
              **Defendants.**               )
_____)

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Plaintiff, Mr. Thomas P. Ramstack, seeks the production of documents pursuant to the Freedom of Information Act ("FOIA") Privacy Act, and all other applicable laws. (Plaintiff's Complaint (_hereinafter_ Comp.) at ¶ 1.1.) Plaintiff alleges that his numerous requests for information to the named defendants all yielded no documents, despite the fact that the Department of Veteran's Affairs ("VA") records indicate he served in the Army from 1973-1975. (Id. at ¶¶ 4.5-4.6.) Plaintiff's Complaint reasons that the existence of the VA records is proof of wrongful withholding of records on the part of Defendants. (Comp. at ¶ 4.7) Plaintiff's numerous requests resulted in no records being found from any Defendant.

Plaintiff's claim with respect to the U.S. Department of State (State Department) should be dismissed because the Court lacks subject matter jurisdiction, Plaintiff failed to exhaust administrative remedies, and he fails to state a claim upon which relief can be granted. Furthermore, Plaintiff's claims should be dismissed pursuant to 12(b)(1) or in the alternative 12(b)(6) because he has failed to exhaust his administrative remedies pursuant to his January 5,

2008 request for information.  Likewise, Plaintiff's claim against the Central Intelligence

Agency ("CIA") related to his 2003 request should also be dismissed under 12(b)(1) or 12(b)(6)

for failure to exhaust his administrative remedies.

Defendants Army and CIA are entitled to summary judgment on Plaintiff's remaining

claims because the Army and the CIA conducted numerous thorough searches pursuant to the

Plaintiff's requests and did not find any responsive records with respect to his inquiry.

## I.  Factual Background

The relevant facts are contained in the attached Statement of Material Facts Not in

Genuine Dispute.

## II.  Legal Standards

### A.    Lack of Subject Matter Jurisdiction

Defendants move for dismissal under Rule 12(b)(1), as the Court now lacks jurisdiction

over the subject matter, and Rule 12(b)(6), as Plaintiff fails to state a claim upon which relief can

be granted.  "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under

Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual

allegations as true and draw all reasonable inferences in the plaintiff's favor."  Thompson v.

Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover

v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999); aff'd , 38 Fed. Appx. 4 (D.C. Cir. 2002).  "The

court is not required, however, to accept inferences unsupported by the facts alleged or legal

conclusions that are cast as factual allegations."  Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C.

2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004).  In addition, "[on]

a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to

establish subject-matter jurisdiction by a preponderance of the evidence." <u>Thompson</u>, 120 F.

Supp.2d at 81; <u>Vanover</u>, 77 F. Supp.2d at 98.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule

12(b)(1) in either of two ways. First, the court may determine the motion based solely on the

complaint. <u>Herbert</u>, 974 F.2d at 197. Alternatively, to determine the existence of jurisdiction, a

court may look beyond the allegations of the complaint, consider affidavits and other extrinsic

information, and ultimately weigh the conflicting evidence. <u>See id</u>.; <u>Rann</u>, 154 F. Supp. at 64.

**B.**    **<u>Failure to State a Claim</u>**

On a motion to dismiss for failure to state a claim upon which relief can be granted

pursuant to Rule 12(b)(6), the court will dismiss a claim if Plaintiff's complaint fails to plead

"enough facts to state a claim for relief that is plausible on its face." <u>Bell Atlantic Corp. v.</u>

<u>Twombly</u>, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from <u>Conley v. Gibson</u>, 355

U.S. 41, 47 (1957)); <u>see also</u> <u>In re Sealed Case</u>, 494 F.3d 139, 145 (D.C. Cir. 2007) (<u>citing</u>

<u>Twombly</u>). Hence, the focus is on the language in the complaint, and whether that language sets

forth sufficient factual allegations to support plaintiff's claims for relief.

The court must construe the factual allegations in the complaint in the light most

favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived

from the facts as they are alleged in the complaint. <u>Barr v. Clinton</u>, 370 F.3d 1196, 1199 (D.C.

Cir. 2004) (citing <u>Kowal v. MCI Commc'ns Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

However, the Court need not accept any inferences or conclusory allegations that are

unsupported by the facts pleaded in the complaint. <u>Kowal</u>, 16 F.3d at 1276. Moreover, the

Court need not "accept legal conclusions cast in the form of factual allegations." <u>Id.</u>

In <u>Erickson v. Pardus</u>, --- U.S. ---, 127 S. Ct. 2197, 2200 (2007), the Supreme Court noted the long established admonition that *pro se* complaints are "liberally construed," but it bears noting that its reversal of the dismissal of the complaint at issue was fully consistent with the <u>Twombly</u> standard because the complaint included factual allegations describing the prison's termination of plaintiff's treatment for hepatitis. <u>See</u> <u>id.</u> at 2200.[2] Even under a liberal construction, therefore, it does not suffice for a complaint to rely on conclusory allegations or to raise only a "suspicion" of wrongdoing, <u>Twombly</u>, 127 S. Ct. at 1965. The complaint must give notice of the factual basis for the relief sought.

**C.    Summary Judgment**

In 1986, the Supreme Court issued three opinions that clarified the standards governing consideration of motions for summary judgment under Fed. R. Civ. P. 56. <u>Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.

---

[2] Furthermore, the crux of the holding was the circuit court's erroneous requirements regarding pleading the particulars of the harm resulting from the conduct alleged.

It may in the final analysis be shown that the District Court was correct to grant respondents' motion to dismiss. That is not the issue here, however. It was error for the Court of Appeals to conclude that the allegations in question, concerning *harm* caused petitioner by the termination of his medication, were too conclusory to establish for pleading purposes that petitioner had suffered "a cognizable independent harm" as a result of his removal from the hepatitis C treatment program.

<u>Id.</u> at 2199-2200 (emphasis added). Hence, <u>Twombly</u>'s focus on the complaint is equally applicable to a *pro se* complaint, although the inferences drawn from the complaint's factual allegations are subject to a liberal construction.

Civ. P. 56(c); <u>Celotex</u> at 322; <u>Diamond v. Atwood</u>, 43 F.3d 1538, 1540 (D.C. Cir. 1995);

<u>Molerio v. FBI</u>, 749 F.2d 815, 823 (D.C. Cir. 1984).  Where no genuine dispute exists as to any

material fact, summary judgment is required.  <u>Anderson</u>, 477 U.S. 242 (1986).

A genuine issue of material fact is one that could change the outcome of the litigation.

<u>Id</u>. at 247.  The party moving for summary judgment need not prove the absence of an essential

element of the nonmoving party's case.  <u>Celotex</u>, at 325.  "The burden on the moving party may

be discharged by 'showing' –  that is, pointing out to the (Court) –  that there is an absence of

evidence to support the non-moving party's case." <u>Id</u>.  Once the moving party has met its burden,

the non-movant may not rest on mere allegations, but must proffer specific facts showing that a

genuine issue exists for trial.  <u>Matsushita</u>, 475 U.S. at 586.  Fed. R. Civ. P. 56 requires the party

opposing summary judgment go beyond the pleadings, and by affidavits, depositions, answers to

interrogatories or admissions set forth "specific facts showing that there is a genuine issue for

trial."  Fed. R. Civ. P. 56(e); <u>Celotex</u>, 477 U.S. at 324; <u>Banks v. C & P Tel. Co.</u>, 802 F.2d 1416

(D.C. Cir. 1986).  To avoid summary judgment, the Plaintiff must state specific facts or present

some objective evidence that would enable the court to find an entitlement to relief.

In an opinion issued the same day as <u>Celotex</u>, the Supreme Court explained the

circumstances where summary judgment is appropriate: "if the evidence is merely colorable . . .

or is not sufficiently probative . . . summary judgment may be granted . . . [T]he mere existence

of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be

evidence on which the jury could reasonably find for the plaintiff."  <u>Anderson</u>, 477 U.S. at 252.

Unsupported speculation is not enough to defeat a summary judgment motion; the existence of

specific material evidentiary facts must be shown.  Fed. R. Civ. P. 56(e) (the nonmoving party

may not rest on mere allegations but "must come forward with 'specific facts showing there is a genuine issue for trial."). *See also* Hayes v. Shalala, 902 F.Supp. 259, 263 (D.D.C. 1995) (opposition to summary judgment must consist of more than mere unsupported allegations or denials); Johnson v. Digital Equip. Corp., 836 F.Supp. 14, 18 (D.D.C. 1993) (evidence that is merely colorable or not sufficiently probative is insufficient to defeat summary judgment); Baton v. Powell, 912 F.Supp. 565, 578 (D.D.C. 1996), aff'd, 203 F.3d 51 (D.C. Cir. 1999).

The mere existence of some factual dispute will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *See* Anderson, 477 U.S. at 247-248. Perhaps most significantly, the Court authorized weighing the evidence at the summary judgment stage of litigation, stating that the "purpose of summary judgment is to 'pierce the pleadings, and to assess the proof in order to see whether there is a need for a trial.'" Id. (citation omitted). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. at 249-250 (citations omitted). If the evidence is "merely colorable, or is not significantly probative," or the record taken as a whole could not "lead a rational trier of fact to find for the nonmoving party, summary judgment is proper." Id.; Matsushita, 475 U.S. at 587.

Thus, the non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts," (Matsushita at 586), or with "conclusory allegations . . . unsubstantiated assertions, . . . or a scintilla of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Importantly for this case, "[b]y pointing out the absence of evidence to support the nonmoving party's case, the moving party can demonstrate that there is no genuine issue as to any material fact, therefore entitling it to summary judgment."

Shelborne v. Runyon, 1997 WL 527352 at **3, citing Celotex, 477 U.S. at 325.

In Celotex, the Supreme Court further instructed that the "(s)ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex, 477 U.S. at 327 (quoting Fed.R.Civ.P. 1). A court should grant summary judgment if the moving party submits affirmative evidence that negates an essential element of the nonmoving party's claims or by demonstrating to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. Celotex, 477 U.S. at 331.

### III. Argument

**A.    Plaintiff's claims against the State Department and CIA should be dismissed because Plaintiff has failed to exhaust his administrative remedies.**

Pursuant to Fed.R.Civ.P 12(b)(1) and 12(b)(6), this Court should dismiss all of Plaintiff's claims against the State Department as well as Plaintiff's claim related to his July 6, 2003 request to the CIA. The U.S. Supreme Court has, "long acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from federal courts." McCarthy v. Madigan, 503 U.S. 140,144 (1992). In the same vein, exhaustion concerns are more pronounced when the action under review involves agency discretion or allows the agency to apply its special expertise. McKart v. United States, 395 U.S. 185,193-195 (1969); *see also* Bowen v. City of New York, 476 U.S. 467, 484 (1986). The principle of exhaustion is applicable to this case. The language of the Privacy Act and FOIA plainly contemplates exhaustion as a precursor to the judicial relief provisions of, 5 U.S.C. § 552a(g)(2)(A) and 5 U.S.C. § 552 (a)(6)(C)(i) respectively .

In June of 1987 and on January 5, 2008 Plaintiff made requests to the State Department for all records regarding himself.  (Def. Ex. E, Declaration of Margaret Grafeld (*hereinafter* "Grafeld Dec.") at ¶ 4-5.)  The State Department found, with regard to the Plaintiff's March and June 1987 requests, that searches of the Central Foreign Policy Records and the records of the Office of Passport Services were conducted, and that no responsive records were found. (Grafeld Decl. ¶ 4.)  Assuming, for the sake of argument, that Plaintiff has exhausted his administrative remedies, any claims regarding this 1987 request would be barred by 28 U.S.C. 2401(a) which states that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." Spannaus v. Department of Justice, 824 F.2d. 52, 55-56 (D.C. Cir. 1987).  Alternatively, the court should grant summary judgment, under the standards discussed below, in that the State Department diligently and strategically searched its Central Foreign Policy Record, a principal Department records system, and did not locate any records pertaining to the Plaintiff.   (Grafeld Decl. ¶ 4.)

This Court should dismiss Plaintiff's complaint as it concerns his 2008 request to the State Department under 12(b)(1) or in the alternative 12(b)(6)[3] because Plaintiff has failed to exhaust his administrative remedies by not sending the State Department requested information

---

[3] Failure to exhaust has been examined as a 12(b)(6) motion with respect to The Privacy Act and FOIA.  While the language of The Privacy Act and FOIA contemplate exhaustion, the language has been interpreted to establish exhaustion as simply a precursor to seeking Judicial Review rather than a purely jurisdictional matter under 12(b)(1).  In the cases where exhaustion is viewed in this context courts tend to dismiss the complaint under 12(b)(6) as opposed to 12(b)(1).  Taylor v. Appleton , 30 F.3d 1365, 1367-68(11th Cir. 1994); see also Hidalgo v. FBI, 344 F.3d at 1260.

pursuant to 22. C.F.R. §§ 171.32 (a) and (b).  Regarding the Plaintiff's January 5, 2008 request,

the State Department notified Plaintiff by letter dated February 19, 2008, that, in order to process

his request, which the State Department treated as a Privacy Act request since Plaintiff sought

records concerning himself, the State Department required Plaintiff to provide an updated

request bearing either his notarized signature or his signature submitted under penalty of perjury.

(Grafeld Decl. ¶ 6.)

The State Department is required to receive one of the two types of signatures pursuant

to, 22 C.F.R. §§171.32 (b).  (Grafeld Decl. at ¶ 6.)  The State Department also explained to

Plaintiff in the same letter that in order to accurately and completely process his January 5, 2008

request they would need further information regarding dates, and any types of security

clearances, and other information regarding his employment or affiliation with the State

Department.  (Id. at ¶ 7) All additional information requested from Plaintiff was done so in

accordance with the Department's regulations at 22 C.F.R. §§ 171.32 (b).  (Id.)  Moreover, the

February 19, 2008 letter to Plaintiff also informed him that his case would be considered closed

and if he would like the processing of his request to begin he could file the necessary

information to the office of Information Programs and Services (IPS).  (Id. at ¶ 9.)   The IPS

currently indicates that they have not received the requisite materials from Plaintiff.  (Id. at ¶ 10.)

The Plaintiff failed to exhaust his administrative remedies by failing to provide a

sufficient signature, and subsequent requested materials to accompany his January 2008 request.

The Plaintiff's actions prevented the State Department from carrying out Plaintiff's request

pursuant to the prescribed provisions set forth in the Department's regulations.  Thus, Plaintiff

failed to exhaust his administrative remedies under the Privacy Act and FOIA.

Plaintiff's claim against the CIA regarding his July 6, 2003 request should also be

dismissed for lack of subject matter jurisdiction or for failure to state a claim because the

Plaintiff has failed to exhaust his administrative remedies.  Pursuant to CIA Privacy Act

regulations, the CIA informed the Plaintiff  in their  July 11, 2003 letter in response to the

Plaintiff's July 6, 2003 letter, that the CIA was required to have a notarized statement containing

information such as his legal name, address, date, and place of birth. (Def. Ex. D, Declaration of

Delores Nelson (*hereinafter* "Nelson Dec.") at ¶ 17.)   The CIA administratively closed

Plaintiff's request because Plaintiff failed to respond to their July 11, 2003 letter and provide the

agency with the required documents.  (Id.)   By failing to provide the CIA with the required

information pursuant to the CIA Privacy Act regulations, Plaintiff failed to comply with the

administrative process.  Thus, he failed to exhaust his administrative remedies, and cannot seek

judicial review.

**B.**    **Defendant Is Entitled To Summary Judgment As A Reasonable And Adequate**
        **Search For Responsive Records Has Been Conducted**

Plaintiff alleges that the Army "has not demonstrated 'beyond material doubt' that the

search it conducted was reasonable."  (Comp. at ¶ B.)  Plaintiff bases his allegation on his

perceived conflict between a letter from the Army's Human Resources Command informing him

that no records were found in the "automated systems in use at this Command" and VA records

that indicate that Plaintiff served in the Army from 1973 until 1975.  (Comp. at ¶¶ B.1-B.2, II.)

In order for an agency to prevail when a Plaintiff challenges the nature and extent of its

search for responsive documents, the agency must show that it made "a good-faith effort to

conduct a search for the requested records, using methods which can be reasonably expected to

produce the information requested."  Nation Magazine v. United States Customs Serv., 71 F.3d

885, 890 (D.C. Cir. 2003) (quoting Oglesby v. United States Dep't of the Army, 920 F.2d 57, 68

(D.C. Cir. 1990).  If an agency can establish that no responsive records exists, or that all responsive records have been released to the requester, then the agency's refusal to produce them should not be deemed an "improper" withholding and summary judgment should be granted. Coalition on Political Assassinations v. DOD, 12 Fed. Appx. 13, 14 (D.C. Cir. 2001) (finding search to be adequate even though no records were located; "[t]hat responsive documents may have once existed does not establish that they remain in the DOD's custody today").

In this case, Defendants were unable to locate any responsive records after using reasonable efforts to locate responsive records where those records would most likely exist.  The fundamental question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. United States Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. United States Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).  In other words, "the focus of the adequacy inquiry is not on the results." Hornbostel v. United States Dep't of the Interior, 305 F. Supp. 2d 21, 28 (D.D.C. 2003).

The reasonableness of the agency's search depends on the facts of each case. Meeropol v. Meese, 790 F.2d 942, 952 (D.C. Cir. 1986) (search is not unreasonable simply because it fails to produce all relevant materials).  The reasonableness of a search is evaluated in light of the specificity of the request. Nation Magazine, 71 F.3d at 889.  Further, the agency is "not obligated to look beyond the four corners of the request for leads to the location of responsive documents." Kowalczyk v. DOJ, 73 F.3d 386, 389 (D.C. Cir. 1996) (holding that agency is not required to speculate about potential leads).  Agencies are not obligated to document the fate of records it cannot find. Roberts v. United States Dep't of Justice, No. 92-1707, 1995 WL 356320, at *2 (D.D.C. Jan. 28, 1993); Miller v. United States Dep't of State, 779 F.2d 1378, 1383 (8th Cir.

11

1985) ("the Department is not required by the Act to account for documents which the requester has in some way identified if it has made a diligent search for those documents in places in which they might be expected to be found.").

In demonstrating the reasonableness of a search an agency may rely upon reasonably detailed, non-conclusory affidavits submitted in good faith. <u>Weisberg</u>, 705 F.2d at 1352. "Affidavits that explain in reasonable detail the scope and methods of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the Freedom of Information Act." <u>Perry v. Block</u>, 684 F.2d 121, 127 (D.C. Cir. 1982). Such affidavits should show "that the search method was reasonably calculated to uncover all relevant documents." <u>Oglesby</u>, 920 F.2d at 68." An adequate agency affidavit is accorded a presumption of good faith. <u>Chilingirian v. United States Attorney Executive Office</u>, 71 Fed. Appx. 571, 572 (6th Cir. 2003); <u>Ground Saucer Watch, Inc. v. Central Intelligence Agency</u>, 692 F.2d 770, 771 (D.C. Cir. 1982).

Once an agency has provided adequate affidavits, the burden shifts back to the plaintiff to demonstrate a lack of a good faith search. <u>Maynard v. CIA</u>, 986 F.2d 547, 560 (1st Cir. 1993) (citing <u>Miller</u>, 779 F.2d at 1383. Consequently, a requester's "[m]ere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them." <u>Oglesby</u>, 920 F.2d at 67, n. 13 ("[H]ypothetical assertions are insufficient to raise a material question of fact with respect to the adequacy of the agency's search."); <u>Chamberlain v. United States Dep't of Justice</u>, 957 F. Supp. 292, 294 (D.D.C. 1997) ("It is well established that '[a]gency affidavits enjoy a presumption of good faith that withstand[s] purely speculative claims about the existence and discoverability of other documents," (<i>quoting</i> <u>Albuquerque Publ'g Co. v. United States Dep't of Justice</u>, 726 F. Supp. 851, 860 (D.D.C. 1989)). Therefore, if plaintiff fails to rebut the agency affidavits with evidence

12

of bad faith, summary judgment is proper.  Miller, 779 F.2d at 1383.

In this case, Defendants conducted more than reasonable and adequate searches for responsive records by employing methods reasonably expected to produce such information, as evidenced by the attached declarations of Ms. Elizabeth B. Tatum, and Ms. Delores Nelson.  The declarations demonstrate that good faith, reasonable searches for responsive records were conducted, despite no records being found.

1. Army Searches

A comprehensive search of multiple databases available to the Army HRC resulted in no records found regarding Plaintiff's 2006 request.  (Def. Ex. B, Declaration of Elizabeth Tatum (*hereinafter* "Tatum Dec.") at ¶¶ 11-17)  Five separate databases, the Interactive Permanent Electronic Management System, the National Personnel Records Center's Electronic Military Records database, the Defense Manpower Data Center, the Beneficiary Individual Records Locator System, and the Defense Finance Accounting Service, were searched using the Plaintiff's name and social security number.  (Id.)  None of these searches yielded responsive records.  (Id.)

Plaintiff also submitted four requests for information regarding himself to the Department of the Army Freedom of Information ("DA FOIA") office in January and February 2008.  (Def. Ex. C, Declaration of Gary Hargrove (*hereinafter* "Hargrove Dec." ¶¶ 7-10).   The DA FOIA office responded to all four requests, providing Plaintiff with the contact information for the appropriate agency most likely to have information responsive to his request.  Id.

2. CIA Searches

Plaintiff submitted multiple requests for records pertaining to himself from the CIA and appeals from 1998 until 2007.  (Nelson Dec. at ¶¶ 15-33)   Plaintiff also appealed the multiple

13

findings of no responsive documents.  (Id.)  On each occasion the CIA responded and processed

the Plaintiff's requests.  (Id.)  Each search failed to render responsive records causing the

Plaintiff to appeal the findings of the CIA.  (Id.)  The CIA searches were of those systems of

records deemed likely to contain the records requested, specifically, the National Clandestine

Service and the Directorate Support, Office of Security. (Nelson Dec. at ¶¶ 20, 24, 28, 32.)  The

CIA informed the Plaintiff on each occasion that a search had been conducted and that Plaintiff

could either appeal the finding, if a result of an initial request, or seek judicial review of the

finding, if a result of a denied appeal.  (Nelson Dec. ¶ 15 and Ex. 2, ¶ 21, ¶ 25 and Ex. 10, ¶ 29, ¶

33 and Ex. 16.)

   In summary, Defendants put forth a "good faith effort to conduct a search for responsive

documents" by searching in the area where such records were likely to be found.  Olgesby, 920

F.2d at 68.  Therefore, absent allegations and proof of agency bad faith in conducting its search,

Defendants are entitled to summary judgment in this case.

   To the extent that Plaintiff argues that the information possessed by the VA creates the

presumption that records must exist at Defendant agencies, this argument is based upon circular

logic.  The only records that indicate any military service on the part of Plaintiff appear to be the

result of his own 1998 request for benefits.  (Def. Ex. A, Declaration of George Wolohojian) The

information within the VA records system appears to have been input as a result of his

application, leading to the Plaintiff's perception that records of his service independently exist.

(Id.)

## IV.  Conclusion

   For all these reasons, the Court should dismiss this action, or in the alternative, grant

summary judgment in favor of Defendants.

Respectfully Submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS D.C. Bar No. 43412
Assistant United States Attorney



_____/s/_____
LANNY J. ACOSTA, JR.,
Special Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895
Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

———————————————————— )
                                                      )
**THOMAS PHILIP RAMSTACK**          )
                                                      )
    **Plaintiff,**          )
                                                      )
   **v.**          )  **Civil Action No. 08- 0658 (RMU)**
                                                      )
**U.S. DEPARTMENT OF THE ARMY,**   )
**CENTRAL INTELLIGENCE AGENCY,** )
**U.S. DEPARTMENT OF STATE,**          )
                                                      )
    **Defendants.**          )
————————————————————)

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1. Defendant, Department of the Army is a component of the Department of Defense, an executive agency of the United States.

2. Defendant Central Intelligence Agency is an executive agency of the United States.

3. Defendant Department of State is an executive agency of the United States.

4. Plaintiff, Thomas Phillip Ramstack has applied for Veterans benefits based upon his alleged service in the United States Army, once in 1998 and once in 2006.  (Def. Ex. A, Declaration of George Wolohojian (*hereinafter* "Wohohojian Dec.") at ¶ 3.

5. Despite efforts to confirm Plaintiff's service with Plaintiff and the National Personnel Records Center, no records of service were located.  (Id. at ¶ 4.)

Facts Specific to Department of the Army

6. Department of the Army, Human Resources Command, Veterans Support Branch received a request for Plaintiff's records on July 11, 2006.  (Def. Ex. B, Declaration of Elizabeth Tatum (*hereinafter* "Tatum Dec.") , ¶ 8.)

7. A case number was opened for Plaintiff's request and assigned to Daniel Knabe on

August 10, 2007.  (<u>Id.</u> at 10.)

8.  A search of multiple databases, including the National Personnel Records Center, dating back to 1969 was conducted using Plaintiff's name and social security number as search terms.  (<u>Id.</u> at ¶¶ 11-17.)

9.  The search resulted in no records being located for the Plaintiff.  (<u>Id.</u> at 14; Attachment 2 to Tatum Dec.)

10.  Plaintiff was notified of the results of the search by letter dated August 15, 2007. (Attachment 2 to Tatum Dec.)

11.  Plaintiff made four requests for information regarding himself to the Department of the Army Freedom of Information ("DA FOIA") office in January and February 2008.  (Def. Ex. C, Declaration of Gary Hargrove (*hereinafter* "Hargrove Dec.") at ¶¶ 7-10.)

12.  The DA FOIA office responded to all four requests, providing Plaintiff with the contact information for the appropriate agency most likely to have information responsive to his request.  (Hargrove Dec. at ¶¶ 11-12.)

<u>Facts Specific to the CIA</u>

13.  Plaintiff submitted a FOIA request for information about himself in 1988, which resulted in a finding of no responsive records.  (Def. Ex. D, Defendants' Ex. 2, Declaration of Delores Nelson (*hereinafter* "Nelson Dec.") ¶ 19 at fn. 4.)

14.  Plaintiff submitted a written FOIA/Privacy Act request dated December 14, 1992 seeking information about himself.  (<u>Id.</u> at ¶ 15.)

15.  The CIA acknowledged receipt of the request and assigned reference number P92-2365 to the request.  (Nelson Dec. at ¶ 15; Ex. 1 to Nelson Dec.)

16. The CIA responded to the request by letter dated February 23, 1993 informing Plaintiff that, despite a "search for records in existence as of and through...4 January 1993," no information or records were found and instructing the Plaintiff on how to appeal the finding. (Nelson Dec. at 15; Ex. 2 to Nelson Dec.)

17. Plaintiff subsequently submitted three written FOIA/Privacy Act requests to the CIA. (Nelson Dec. at ¶ 15.)

18. On July 6, 2003 Plaintiff wrote the CIA requesting , "information or records on Thomas Philip Ramstack." (Nelson Dec. at ¶ 17; Ex. 3 to Nelson Dec.)

19. The CIA responded to the Plaintiff's July 6, 2003 letter on July 11, 2003 and assigned Plaintiff's request with reference number P-2003-00494. (Nelson Dec. at ¶ 17; Ex. 4 to Nelson Dec.)

20. In the July 11, 2003 letter, the CIA informed Plaintiff that pursuant to FOIA and Privacy Act regulations, he was required to provide a notarized statement including his full legal name, address, date and place of birth, and current citizenship status to begin processing of his request. (Id.)

21. Plaintiff was informed in the above letter that he had 45 days within which to reply with the required information. (Id.)

22. The CIA did not receive a response from Plaintiff with respect to their July 11, 2003 letter, and administratively closed his request. (Id.)

23. On December 8, 2003 Plaintiff sent the CIA another letter requesting copies of all information regarding himself. (Nelson Dec. at ¶ 18; Ex. 5 to Nelson Dec.)

24. In a letter dated, December 24, 2003 the CIA responded to Plaintiff assigning his

request reference number P-2004-00209. (Nelson Dec. ¶ 19; Ex. 6 to Nelson Dec.)

25.  In that same letter, the CIA informed Plaintiff that it had located two prior requests by Plaintiff for records concerning himself and that neither search located any records.   (Id.)

26.  The CIA informed Plaintiff that it would treat his December 2004 request as a request for an updated search for records beginning January 4, 1993.  (Id.)

27.  The CIA processed Plaintiff's requests and conducted diligent searches of relevant data bases likely to produce records responsive to Plaintiff's request using various combinations of Plaintiff's name and social security number, but again was unable to locate any records. (Nelson Dec. ¶ 20.)

28.  The CIA notified Plaintiff of the results by letter on January 9, 2004, indicating that he could appeal the finding to the Agency Release Panel.  (Nelson Dec. ¶ 20; Ex. 7 to Nelson Dec.)

29.  Plaintiff appealed the CIA's finding by letter on February 2, 2004.  (Nelson Dec. ¶ 22; Ex. 8 to Nelson Dec.)

30.  By letter dated February 17, 2004, the CIA informed the Plaintiff that his appeal was accepted.  (Nelson Dec. ¶ 23; Ex. 9 to Nelson Dec.)

31.  The CIA notified the Plaintiff by letter dated on April 26, 2004, that after updated searches with respect to the Plaintiff's appeal were conducted, and no responsive records were found, that his appeal was denied.  (Nelson Dec. ¶¶ 24-25; Ex. 10 to Nelson Dec.)

32.  On February 20, 2007, Plaintiff again requested copies of all information regarding himself from June 1973 to the present.  (Nelson Dec. ¶ 26; Ex. 11 to Nelson Dec.)

33.  On March 7, 2007 the CIA responded by letter to the Plaintiff's request assigning it

reference number P-2007-00336 and informed Plaintiff that the CIA had previously conducted searches as a result of his earlier requests, all of which failed to produce responsive records, however the CIA would treat the request as one for an updated search from the date of acceptance of the most recent previous search, December 24, 2003. (Nelson Dec. ¶ 27; Ex. 12 to Nelson Dec.)

34. The CIA processed Plaintiff's requests and conducted diligent searches of relevant data bases likely to produce records responsive to Plaintiff's request using various combinations of Plaintiff's name and social security number, but again was unable to locate any records. (Nelson Dec. ¶ 28)

35. The CIA notified Plaintiff of the results by letter dated March 20, 2007 that his request was processed in accordance with FOIA and the Privacy Act, that, other than records of his previous requests for information, no records had been found, and informed Plaintiff of his right to appeal the finding to the Agency Release Panel. (Nelson Dec. ¶ 29; Ex. 13 to Nelson Dec.)

36. Plaintiff appealed the no records finding by letter dated Marc 27, 2007. (Nelson Dec. ¶ 30; Ex. 14 to Nelson Dec.)

37. The CIA informed Plaintiff by letter dated April 9, 2007 that his appeal was accepted. (Nelson Dec. ¶ 31; Ex. 15 to Nelson Dec.)

38. By letter dated June 15, 2007, the CIA informed Plaintiff that, following "thorough and diligent searches of the appropriate records systems at the appellate level" no records were found and Plaintiff's appeal was therefore denied. (Nelson Dec. ¶¶ 32-33; Ex. 16 to Nelson Dec.)

<u>Facts Specific to the State Department</u>

39.  After researching their database for records concerning Plaintiff's Complaint, the State Department found that Plaintiff first began his request for records pertaining to himself from the State Department with two requests in March and June of 1987. (Def. Ex. E, Declaration of Margaret P. Grafeld (*hereinafter* "Grafeld Dec.") ¶ 4.)

40.  The State Department determined that, according to agency policy, the case files that contained correspondence from these two requests were destroyed in 1994 and 1995. (Grafeld Dec. ¶ 4.)

41.  Despite the destruction of the files, State Department records indicate that a search of a their records systems had been conducted pursuant to the Plaintiff's 1987 requests, however, no responsive records were found. (Grafeld Dec. ¶ 4.)

42.  On January 5, 2008 the Plaintiff submitted by letter another request for records relevant to his service in the U.S. military or service to any other government agency from November 1973 through the present and any records the State Department had on him during that same period (Grafeld Dec. ¶ 5; Ex. 1 to Grafeld Dec.)

43.  By letter dated February 19, 2008, the Office of Information Programs and Services (IPS) informed Plaintiff that they had received the request and that in order to process it Plaintiff would need to provide: a request, "bearing either his notarized signature or his signature submitted under penalty of perjury" pursuant to State Department regulations at 22 C.F.R. § 172.32(a), and information such as dates, countries concerned, and types of security clearances he may have held, to conduct a complete search as well as to determine where such records may be located.  (Grafeld Dec. ¶¶ 6-7; Ex. 2 to Grafeld Dec.)

44.  The letter also informed Plaintiff that military records originated with another agency, and advised him to contact the branch of the service in which he enlisted.  (Grafeld Dec. ¶ 8; Ex. 2 to Grafeld Dec.)

45.  Plaintiff was advised that records more than 25 years old are transferred to the National Archives and Records Administration and was provided with information to make a request of that agency.  (Grafeld Dec. ¶ 8; Ex. 2 to Grafeld Dec.)

46.  Plaintiff was advised that his request was closed, but a new request would be accepted provided Plaintiff produced the additional information requested.  (Grafeld Dec. ¶ 9; Ex. 2 to Grafeld Dec.)

47.  To date, the State Department has received no further correspondence from Plaintiff. (Grafeld Dec. ¶ 10.)

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
LANNY J. ACOSTA, JR.
Special Assistant United States Attorney
555  4th Street, N.W.
Washington, D.C.  20530
(202) 353-9895
Attorneys for Defendant

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|                                           |    |                             |
|-------------------------------------------|----|-----------------------------|
| **THOMAS PHILIP RAMSTACK**                | )  |                             |
|                                           | )  |                             |
| **Plaintiff,**                            | )  |                             |
|                                           | )  |                             |
| **v.**                                    | )  | **Civil Action No. 08-0658 (RMU)** |
|                                           | )  |                             |
| **Department of the Army, et al.**        | )  |                             |
|                                           | )  |                             |
| **Defendants.**                           | )  |                             |

_____)

## ORDER

Upon consideration of Defendants' Motion to Dismiss or in the Alternative for Summary

Judgement, and the entire record of this case, it is hereby

**ORDERED** that Defendants' Motion to Dismiss or in the Alternative for Summary

Judgment is **GRANTED**, and it is

**FURTHER ORDERED** that Plaintiff's Complaint is dismissed with prejudice.


Dated this _____ day of _____, 2008.



                                        _____
                                        Ricardo M.Urbina
                                        United States District Judge

Copies to:
Parties to Defendants via ECF and to Plaintiff via first-class mail

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July 2008, I caused the foregoing Defendants'

Motion to Dismiss or in the Alternative for Summary Judgment to be served on plaintiff via first

class mail postage prepaid, addressed as follows:

THOMAS PHILIP RAMSTACK
816 Easley Street
Apartment 407
Silver Spring, MD 20910


_____/S_____
LANNY J. ACOSTA, JR.
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C.  20530
202-353-9895  / FAX 202-514-8780

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THOMAS PHILIP RAMSTACK<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE ARMY,<br>CENTRAL INTELLIGENCE AGENCY,<br>U.S. DEPARTMENT OF STATE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 08- 0658 (RMU) |

## DECLARATION OF GEORGE WOLOHOJIAN

I, George Wolohojian, declare and state as follows:

1.  That I am the Director of the Department of Veterans Affairs, Veterans Benefit Administration Baltimore Regional Office located at 31 Hopkins Plaza in Baltimore, Maryland, 21201.

2.  As the Director of the Baltimore Regional Office, I have custody of records and files pertaining to claims filed for benefits by individuals living in Maryland.

3.  I have reviewed and am familiar with the complaint in this case and the files made and maintained in the regular course of business in our office and have found no evidence of service in any branch of the military for Thomas P. Ramstack. Our files do include two forms completed by Mr. Ramstack. The first is a Veteran's Application for Compensation or Pension dated May 4, 1988 and received by the Department of Veterans Affairs by mail on June 27, 1988, a true and accurate copy of which is attached as Exhibit 1. The second is a Veteran's Application for Compensation and/or Pension submitted on-line on September 4, 2006, a true and accurate copy of which is attached as Exhibit 2. Both forms include service dates in the Army of November 1973 to

November 1975 reported by Mr. Ramstack.  Although requests were made to Mr. Ramstack for his DD214 to verify his service and to the National Personnel Records Center in St. Louis, Missouri for any available records, nothing has been provided to the Department of Veterans Affairs that verifies Mr. Ramstack's claims of military service.

4.    The dates of service in the Army provided by Mr. Ramstack with his May 4, 1988 application were entered in a computer along with other information he provided including his name, social security number, address, etc. to create a computer file for Mr. Ramstack.  Although none of the information provided by Mr. Ramstack was verified through other sources, that information remains in Department of Veterans Affairs computer records.

5.  Because the National Personnel Records Center responded to our request for information that it has no documents associated with Thomas P. Ramstack and because we have no other official documents such as a DD214 that verify Mr. Ramstack's service, I have to conclude that the information in our computer system identifying Mr. Ramstack as serving in the Army from November 1973 to November 1975 was reported by Mr. Ramstack on his applications for benefits and has not been provided by any other source.

6.  I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 22, 2008

George Wolohojian, Director
Baltimore Regional Office
United States Department of Veterans Affairs
31 Hopkins Plaza
Baltimore, Maryland  21201

Witness:

# EXHIBIT 1

OMB NO 2900-0001

| VA Veterans Administration | **VETERAN'S APPLICATION FOR COMPENSATION OR PENSION** |

IMPORTANT: Read attached General and Specific Instructions before completing this form. Type, print or write clearly.

(DO NOT WRITE IN THIS SPACE)

RECEIVED
JUN 27 1988
MAIL ROOM
WASHINGTON DC
#4

| 1A FIRST NAME - MIDDLE NAME - LAST NAME OF VETERAN | 1B TELEPHONE NO (Incl. Area Code) |
| Thomas Philip Ramstac | 202-371-9213 |

3A VETERAN'S SOC. SECURITY NO

2. MAILING ADDRESS OF VETERAN (Number and street or rural route, City or P.O. State and ZIP Code)

7109 Cedar Ave
Takoma Park, Maryland 20912

3B SPOUSE'S SOC. SECURITY NO

| 4 DATE OF BIRTH | 5 PLACE OF BIRTH | 6 SEX | 7 RAILROAD RETIREMENT NO. |
| | Wichita, Kan. | Male | |

8A VA FILE NUMBER
C—

8. HAVE YOU EVER FILED A CLAIM FOR COMPENSATION (Formerly the U.S. Bureau of Employees Compensation) RO THE OFFICE OF WORKERS' COMPENSATION PROGRAMS?

[ ] YES   [X] NO

8C VA OFFICE HAVING YOUR RECORDS (If Known)

8B. HAVE YOU PREVIOUSLY FILED A CLAIM FOR ANY BENEFIT WITH THE VETERANS ADMINISTRATION?

[X] NONE
[ ] HOSPITALIZATION OR MEDICAL CARE
[ ] WAIVER OF NSLI PREMIUMS
[ ] DISABILITY COMPENSATION OR PENSION
[ ] VOCATIONAL REHABILITATION (Chap 31)
[ ] VOC REHAB AND EDUCATIONAL ASSISTANCE (Chapter 33 or 34)
[ ] VOC REHAB ORPHANS OR DEPENDENTS ED (Chap 35)
[ ] VOCATIONAL ASSIST (Chap 31)
[ ] DENTAL OR OUTPATIENT TREATMENT
[ ] OTHER (Specify)

**SERVICE INFORMATION**

NOTE. Enter complete information for each period of active duty including Reservist or National Guard Status. Attach Form DD 214 or other separation papers for all periods of active duty to expedite processing of your claim. If you do not have your DD 214 or other separation papers check (√) here [ ]

| 10A ENTERED ACTIVE SERVICE | | 10 SERVICE NO | 10C SEPARATED FROM ACTIVE SERVICE | | 10D GRADE, RANK OR RATING, ORGANIZATION OR BRANCH OF SERVICE |
| DATE | PLACE | | DATE | PLACE | |
| Nov. 1971 | Valladolid, Spain | | Nov.1975 | Lawrence, Kan. | sergeant |

| 10E. HAVE YOU EVER BEEN A PRISONER OF WAR? | 10F NAME OF COUNTRY | 10G. DATES OF CONFINEMENT |
| [X] YES [ ] NO (If "Yes," complete Items 10F and 10G) | Spain, Canada | about 11/3/73 to 11/10/73 |

11 IF YOU SERVED UNDER ANOTHER NAME, GIVE NAME DURING WHICH YOU SERVED AND SERVICE NO

12 IF RESERVIST OR NATIONAL GUARDSMAN, GIVE BRANCH OF SERVICE AND PERIOD OF ACTIVE OR INACTIVE TRAINING DUTY DURING WHICH DISABILITY OCCURRED

13A. IF YOU ARE NOW A MEMBER OF THE ACTIVE FORCES OR NATIONAL GUARD GIVE DATES OF SERVICE

13B RESERVE STATUS
[ ] ACTIVE
[ ] INACTIVE
[ ] RESERVE OBLIGATION

13C RESERVE OR NATIONAL GUARD UNIT ADDRESS

| 14A. ARE YOU NOW RECEIVING OR WILL YOU RECEIVE RETIREMENT OR RETAINED PAY FROM THE ARMED FORCES? | 14B. BRANCH OF SERVICE | 14C MONTHLY AMOUNT | 14D. RETIRED STATUS |
| [ ] YES [ ] NO (If "Yes," complete Item 14B, 14C and 14D) | | $ | [ ] PERMANENT [ ] TEMPORARY DISABILITY [ ] RETIRED LIST |

| 15A. HAVE YOU EVER APPLIED FOR OR RECEIVED DISABILITY SEVERANCE PAY FROM THE ARMED FORCES? | 15B AMOUNT | 16A. HAVE YOU RECEIVED LUMP SUM READJUSTMENT OR SEPARATION PAY FROM THE ARMED FORCES? | 16B AMOUNT |
| [ ] YES [X] NO (If "Yes," complete Item 15B) | $ | [ ] YES [X] NO (If "Yes," complete Item 16B) | $ |

**MARITAL AND DEPENDENCY INFORMATION**

| 17A. MARITAL STATUS (Check one) | | | | 17B SPOUSE'S BIRTHDATE |
| [ ] MARRIED [ ] WIDOWED [ ] DIVORCED [X] NEVER MARRIED (If so, do not complete Items 17B through 21D) | | | | |

| 17C. NUMBER OF TIMES YOU HAVE BEEN MARRIED | 17D NUMBER OF TIMES YOUR PRESENT SPOUSE HAS BEEN MARRIED | 17E. IS YOUR SPOUSE ALSO A VETERAN? | | 17F SPOUSE'S VA FILE NO |
| | | [ ] YES [ ] NO (If "Yes," complete Item 17F if known) | | C— |

| 18A. DO YOU LIVE TOGETHER? | 18B. REASON FOR SEPARATION | 18C. PRESENT ADDRESS OF SPOUSE |
| [ ] YES [ ] NO (If "NO," complete Items 18B through 18D) | | |

18D AMOUNT YOU CONTRIBUTE TO YOUR SPOUSE'S SUPPORT MONTHLY
$

19. CHECK WHETHER YOUR CURRENT MARRIAGE WAS PERFORMED BY

[ ] CLERGYMAN OR AUTHORIZED PUBLIC OFFICIAL   [ ] OTHER (Explain)

VA FORM 21-526
XEP 1984
SUPERSEDES VA FORM 21 526, JUL 1982.

NOTE: Furnish the following information about each of your marriages. A certified copy of the public or church record of your CURRENT marriage is required.

| 20A. DATE AND PLACE OF MARRIAGE | 20B. TO WHOM MARRIED | 20C. TERMINATED (Death, Divorce) | 20D DATE AND PLACE TERMINATED |
|---|---|---|---|
| | | | |

*FURNISH THE FOLLOWING INFORMATION ABOUT EACH PREVIOUS MARRIAGE OF YOUR PRESENT SPOUSE*

| 21A. DATE AND PLACE OF MARRIAGE | 21B. TO WHOM MARRIED | 21C TERMINATED (Death, Divorce) | 21D DATE AND PLACE TERMINATED |
|---|---|---|---|
| | | | |

*IDENTIFICATION OF CHILDREN AND INFORMATION RELATIVE TO CUSTODY*

NOTE: Furnish the following information for each of your unmarried children. A certified copy of the public or church record of birth or court record of adoption is required.

| 22A. NAME OF CHILD (First, middle initial, last) | 22B. DATE OF BIRTH (Month, day, year) | 22C. SOCIAL SECURITY NUMBER OF CHILD | 22D CHECK EACH APPLICABLE CATEGORY | | | | |
|---|---|---|---|---|---|---|---|
| | | | MARRIED PREVIOUSLY | STEPCHILD OR ADOPTED | ILLEGI-TIMATE | OVER 18 ATTENDING SCHOOL | SERIOUSLY DISABLED |
| | | | | | | | |
| | | | | | | | |

| 22E. NAME(S) OF ANY CHILD(REN) NOT IN YOUR CUSTODY | 22F. NAME AND ADDRESS OF PERSON HAVING CUSTODY | 22G MONTHLY AMOUNT YOU CONTRIBUTE TO CHILD'S SUPPORT |
|---|---|---|
| | | $ |

| 23A. IS YOUR FATHER DEPENDENT UPON YOU FOR SUPPORT? ☐ YES ☒ NO *(If "Yes," complete 23B)* | 23B. NAME AND ADDRESS OF DEPENDENT FATHER | 23C IS YOUR MOTHER DEPENDENT UPON YOU FOR SUPPORT? ☐ YES ☒ NO *(If "Yes," complete 23D)* |
|---|---|---|
| 23D. NAME AND ADDRESS OF DEPENDENT MOTHER | 23E. NAME AND ADDRESS OF NEAREST RELATIVE<br><br>Mary Ellen Ramstack<br>3332 Coolidge; Wichita, Kan. 67204 | 23F RELATIONSHIP OF NEAREST RELATIVE<br>(mother) |

**NATURE AND HISTORY OF DISABILITIES**

24. NATURE OF SICKNESS, DISEASE OR INJURIES FOR WHICH THIS CLAIM IS MADE AND DATE EACH BEGAN

While I was in Spain, I volunteered to do work for the Army. I was given a substance in my food by Israeli agents that caused brain damage. They also slipped substances in my food or gave me injections on several occasions in the next approximately nine years. The first time was 6/73 to at least 9/82.

| 25A. ARE YOU NOW OR HAVE YOU BEEN HOSPITALIZED OR FURNISHED DOMICILIARY CARE WITHIN THE PAST 3 MONTHS? ☐ YES ☒ NO *(If "Yes," complete 25B and 25C)* | 25B. DATES OF HOSPITALIZATION OR DOMICILIARY CARE | 25C. NAME AND ADDRESS OF INSTITUTION |
|---|---|---|

NOTE: Items 26, 27, and 28 need NOT be completed unless you are now claiming compensation for a disability incurred in service.

IF YOU RECEIVED ANY TREATMENT WHILE IN SERVICE, COMPLETE THE FOLLOWING INFORMATION

| 26A. NATURE OF SICKNESS, DISEASE OR INJURY | 26B. DATES OF TREATMENT | 26C. NAME, NUMBER OR LOCATION OF HOSPITAL, FIRST-AID STATION, DRESSING STATION OR INFIRMARY | 26D ORGANIZATION AT TIME SICKNESS, DISEASE OR INJURY WAS INCURRED |
|---|---|---|---|
| brain damage | none | none | U.S. Army |

LIST CIVILIAN PHYSICIANS AND HOSPITALS WHERE YOU WERE TREATED FOR ANY SICKNESS, INJURY OR DISEASE SHOWN IN ITEM 26A, BEFORE, DURING OR SINCE YOUR SERVICE, AND ANY MILITARY HOSPITALS SINCE YOUR LAST DISCHARGE

| 27A. NAME | 27B. PRESENT ADDRESS | 27C. DISABILITY | 27D. DATE |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

LIST PERSONS OTHER THAN PHYSICIANS WHO KNOW ANY FACTS ABOUT ANY SICKNESS, DISEASE OR INJURY SHOWN IN ITEM 26A, WHICH YOU HAD BEFORE, DURING OR SINCE YOUR SERVICE

| 28A. NAME | 28B. PRESENT ADDRESS | 28C. DISABILITY | 28D. DATE |
|---|---|---|---|
| Gen. Alexander Haig | 1515 S. N.w., Suite 700 Washington, D.C. 20005 | brain damage | 1973 to present |
| Richard N. Nixon | Federal Building, Federal Plaza, New York, New York 10278 | brain damage | 1973 to present |
| Gerald Ford | PC Box 927 Rancho Mirage, Calif. 92270 | brain damage | 1973 to present |

IF YOU CLAIM TO BE TOTALLY DISABLED (Complete Items 29A through 32E)

**29A. ARE YOU NOW EMPLOYED?**

**29B. IF YOU WERE SELF-EMPLOYED BEFORE BECOMING TOTALLY DISABLED, WHAT PART OF THE WORK DID YOU DO?**

**29C. DATE YOU LAST WORKED**

**29D. IF YOU ARE STILL SELF-EMPLOYED WHAT PART OF THE WORK DO YOU DO NOW?**

**30A. EDUCATION (Circle highest year completed)**

1  2  3  4  5  6  7  8   1  2  3  4      1  2  3  4
      (GRADE SCHOOL)      (HIGH SCHOOL)        (COLLEGE)

**30B. NATURE OF AND TIME SPENT IN OTHER EDUCATION AND TRAINING**

LIST ALL YOUR EMPLOYMENT, INCLUDING SELF-EMPLOYMENT, FOR ONE YEAR BEFORE YOU BECAME TOTALLY DISABLED

| 31A. NAME AND ADDRESS OF EMPLOYER | 31B. KIND OF WORK | 31C. MONTHS WORKED | 31D. TIME LOST FROM ILLNESS | 31E. TOTAL EARNINGS |
|---|---|---|---|---|
| | | | | |
| | | | | |

LIST ALL YOUR EMPLOYMENT, INCLUDING SELF-EMPLOYMENT, SINCE YOU BECAME TOTALLY DISABLED

| 32A. NAME AND ADDRESS OF EMPLOYER | 32B. KIND OF WORK | 32C. MONTHS WORKED | 32D. TIME LOST FROM ILLNESS | 32E. TOTAL EARNINGS |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

NET WORTH OF VETERANS AND DEPENDENTS (See attached Instructions for Items 33A to 33E inclusive)

NOTE. Items 33A through 33E should be completed ONLY if you are applying for non-service-connected pension

| ITEM NO. | SOURCE | AMOUNTS | | | | |
|---|---|---|---|---|---|---|
| | | VETERAN | SPOUSE | NAME OF CHILDREN | | |
| 33A. | STOCKS, BONDS, BANK DEPOSITS | $ | $ | $ | $ | $ |
| 33B. | REAL ESTATE (Do not include residence) | none | | | | |
| 33C. | OTHER PROPERTY | | | | | |
| 33D. | TOTAL DEBTS | | | | | |
| 33E. | NET WORTH | $ | $ | $ | $ | $ |

INCOME RECEIVED AND EXPECTED FROM ALL SOURCES

NOTE: Items 34A through 34F should be completed ONLY if you are applying for non-service-connected pension.

| 34A HAVE YOU OR YOUR SPOUSE APPLIED FOR OR ARE YOU RECEIVING OR ENTITLED TO RECEIVE ANY BENEFITS FROM THE SOCIAL SECURITY ADMINISTRATION (OTHER THAN SSI) OR RAILROAD RETIREMENT BOARD? | 34B MONTHLY AMOUNT (Include Medicare Deduction) | 34C BEGINNING DATE | 34D DATE YOU EXPECT BENEFITS TO BEGIN |
|---|---|---|---|
| | VETERAN $ | | |
| | SPOUSE $ | | |

| 34E WILL YOU OR YOUR SPOUSE APPLY FOR EITHER BENEFIT DURING THE NEXT 12 MONTHS? | 34F DATE OF INTENTION TO APPLY |
|---|---|
| ☐ YES ☒ NO *(If "Yes," complete Items 34B through 34F as applicable)* ☐ YES ☐ NO | VETERAN | SPOUSE |

35A. HAVE YOU OR YOUR SPOUSE APPLIED FOR OR ARE YOU RECEIVING OR ENTITLED TO RECEIVE ANNUITY OR RETIREMENT BENEFITS OR ENDOWMENT INSURANCE FROM ANY OTHER SOURCE?

☐ YES ☒ NO *(If "Yes," complete Items 35B through 35E, as applicable)*

| | 35B MONTHLY AMOUNT | 35C BEGINNING DATE | 35D DATE OF INTENTION TO APPLY | 35E SOURCE OF BENEFIT |
|---|---|---|---|---|
| VETERAN | $ | | | |
| SPOUSE | $ | | | |

| SOURCE OF VETERAN AND DEPENDENT INCOME *(Specify source for Items 36F and 38F "ALL OTHER INCOME" in Item 40, "REMARKS")* | | AMOUNT OF INCOME | | | | |
|---|---|---|---|---|---|---|
| | | | | NAME OF CHILD/REN | | |
| | | VETERAN | SPOUSE | | | |
| | | $ | $ | $ | $ | $ |
| 36 AMOUNT RECEIVED FROM JAN 1 TO THE DATE YOU SIGN THIS STATEMENT | A. EARNINGS | $ 2,000 | | | | |
| | B. SOCIAL SECURITY (GREEN CHECK) | | | | | |
| | C. OTHER ANNUITIES AND RETIREMENT | | | | | |
| | D. DIVIDENDS AND INTEREST, ETC | | | | | |
| | E. SUPPLEMENTAL SECURITY INCOME (GOLD CHECK) | | | | | |
| | F. ALL OTHER INCOME | | | | | |
| 37 AMOUNT EXPECTED FROM DATE YOU SIGN THIS STATEMENT TO END OF THIS CALENDAR YEAR | A. EARNINGS | 12,800 | | | | |
| | B. SOCIAL SECURITY (GREEN CHECK) | | | | | |
| | C. OTHER ANNUITIES AND RETIREMENT | | | | | |
| | D. DIVIDENDS AND INTEREST, ETC | | | | | |
| | E. SUPPLEMENTAL SECURITY INCOME (GOLD CHECK) | | | | | |
| | F. ALL OTHER INCOME | | | | | |
| 38 AMOUNT EXPECTED FOR THE NEXT CALENDAR YEAR | A. EARNINGS | 25,000 | | | | |
| | B. SOCIAL SECURITY (GREEN CHECK) | | | | | |
| | C. OTHER ANNUITIES AND RETIREMENT | $ | | | | |
| | D. DIVIDENDS AND INTEREST, ETC | | | | | |
| | E. SUPPLEMENTAL SECURITY INCOME (GOLD CHECK) | | | | | |
| | F. ALL OTHER INCOME | | | | | |

| 39A. GROSS AMOUNT OF FINAL PAY RECEIVED | 39B DATE FINAL PAY WAS RECEIVED |
|---|---|
| $ None | never |

40. REMARKS *(Identify your statement by item if applicable. If additional space is required, attach separate sheet and identify your statements by their item numbers)*

NOTE: Filing of this application constitutes a waiver of military retired pay in the amount of any VA compensation to which you may be entitled. See instructions for items 14A and 14 D inclusive, Retired Pay

CERTIFICATION AND AUTHORIZATION FOR RELEASE OF INFORMATION - I certify that the foregoing statements are true and complete to the best of my knowledge and belief. I CONSENT that any physician, surgeon, dentist, or hospital that has treated or examined me for any purpose, or that I have consulted professionally, may furnish to the VETERANS ADMINISTRATION any information in but myself, and I waive any privilege when renders such information confidential

| 41 DATE SIGNED | 42. SIGNATURE OF CLAIMANT *(SIGN HERE)* |
|---|---|
| 5/4/88 | *[signature]* |

NOTE: Signature made by mark must be witnessed by two persons to whom the person making the statement is personally known, and the signatures and addresses of such witnesses must be shown

| 43A. SIGNATURE OF WITNESS | 44A. SIGNATURE OF WITNESS |
|---|---|
| | |
| 43B. ADDRESS OF WITNESS | 44B. ADDRESS OF WITNESS |

PENALTY: The law provides severe penalties which include fine or imprisonment, or both, for the willful submission of any statement or evidence of a material fact, knowing it to be false, or for the fraudulent acceptance of any payment to which you are not entitled

PAGE 4

# EXHIBIT 2



## Department of Veterans Affairs
### VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION



370

Sep. 04, 2006 1401 ET

VARO(313) Baltimore Conf.#: 238285

**VA Form 21-526, Part A: General Information**

SD9/20/06

**A-1. What are you applying for?**
Compensation

**A-2a. Have you ever filed a claim with VA?**
No

**A-2a. Provide your file number.**
N/A

**A-2b. Did you file for compensation, pension or other claim?**
N/A

**A-3. What is your name?**
Mr Thomas Philip Ramstack

**A-4. What is your Social Security number?**
[redacted]

**A-5. What is your sex?**
Male

**A-6a. Did you serve under another name?**
No

**A-6b. Please list the other name(s) you served under**
Alias name                                                                N/A

**A-7. What is your address?**
816 EASLEY STREET, NO. 407
SILVER, MD 20910

**A-7. Will your address change in the next 90 days?**
No

**A-7. What is your future address?**
N/A

**A-7. When will your future address be effective?**
N/A

**A-8. What is your daytime telephone number?**
(202) 636-3180

**A-8. What is your evening telephone number?**
(301) 585-3450

| Ramstack, Thomas Philip | Conf.#: 238285 | VA Form 21-526 (VONAPP) |
|---|---|---|
| SSN: [redacted] | Submission Date: Sep. 04, 2006 | Page 1 of 17 |

**VA** | **Department of Veterans Affairs** | **VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION**

**A-9. What is your e-mail address?**
TRAMSTACK@AOL.COM

**A-10. What is your date of birth?**
███████████

**A-11. Where were you born?**
WICHITA, KS

**A-12a. Are you receiving disability benefits from the Office of Workers' Compensation (OWCP)?**
No

**A-12b. When was the claim filed?**
N/A

**A-12c. What disability are you receiving benefits for?**
N/A

**A-13a. What is the name of your nearest relative or other person we could contact if necessary?**
N/A

**A-13b. What is this person's address?**
816 EASLEY STREET, NO. 407
SILVER SPRING, MD 20910

**A-13c. What is his/her daytime telephone number?**
(202) 636-3180

**A-13c. What is his/her evening telephone number?**
(301) 585-3450

**A-13d. How is this person related to you?**
None

**A-14a-g. Tell us about your active duty**
**1st Active Duty Information**

| | |
|---|---|
| Date entered service | 11/1973 |
| Begin service location | SPAIN |
| Service number | BLANK |
| Date left service | 11/1975 |
| End service location | KANSAS |
| Branch of service | Army |
| Grade/Rank/Rating | UNKNOWN |

**A-15a. Did you serve in Vietnam?**
No

Ramstack, Thomas Philip
SSN: ████████

Conf.#: 238285
Submission Date: Sep. 04, 2006

VA Form 21-526 (VONAPP)
Page 2 of 17

| VA | Department of Veterans Affairs | VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION |
|---|---|---|

**A-15b. When were you in Vietnam?**

| Begin Date | N/A |
|---|---|
| End Date | N/A |

**A-16a. Were you stationed in the Gulf after August 1, 1990?**
No

**A-16b. Do you want to have medical and other information about you included in the "Gulf War Veterans' Health Registry?"**
N/A

**A-17a. Have you ever been a prisoner of war?**
Yes

**A-17b-d. Tell us about your Prisoner of War experience**
1st POW Information

| Country imprisoned | Russia |
|---|---|
| Date captured | 11/1973 |
| Date released | 11/1973 |
| Name of camp/sector | NONE |
| Place near camp/sector's location | VALLADOLID SPAIN |

**A-18a. Are you currently assigned, or have you ever been assigned to an active reserve unit?**
No

**A-18a. Are you currently assigned to an active reserve unit?**
No

**A-18b. What is the name of your current unit?**
N/A

**A-18b. What is the mailing address of your current unit?**
N/A

**A-18b. What is the telephone number of your current unit?**
N/A

**A-18c. Were you previously assigned to an active reserve unit within the last 2 years?**
No

**A-18d. What is the name of that unit?**
N/A

**A-18d. What is the mailing address of that unit?**
N/A

| Ramstack, Thomas Philip | Conf.#: 238285 | VA Form 21-526 (VONAPP) |
|---|---|---|
| SSN: | Submission Date: Sep. 04, 2006 | Page 3 of 17 |

**VA** **Department of Veterans Affairs**    **VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION**

A-18d. What is the telephone number of that unit?
N/A

A-18e. Do you have an inactive reserve obligation? (You perform no active duty, but you could be activated if there was a national emergency.)
No

A-18f. What is your reserve obligation termination date?
N/A

A-18g-k. Tell us about your reserve duty

| | |
|---|---|
| Date entered duty | N/A |
| Begin service location | N/A |
| Service number | N/A |
| Date left service | N/A |
| End service location | N/A |
| Branch of service | N/A |
| Grade/Rank/Rating | N/A |
| Full-Time reserve | N/A |

A-18l-p. Tell us about your reserve duty where the disability occurred or was aggravated

| | |
|---|---|
| Date entered duty | N/A |
| Begin service location | N/A |
| Service number | N/A |
| Date left service | N/A |
| End service location | N/A |
| Branch of service | N/A |
| Grade/Rank/Rating | N/A |
| Full-Time reserve | N/A |

A-19. Are you currently, or have you ever been, a member of the National Guard?
No

A-19a. Are you currently a member of the National Guard?
No

A-19b. What is the name of your current unit?
N/A

A-19b. What is the mailing address of your current unit?
N/A

A-19b. What is the telephone number of your current unit?
N/A

A-19c. Were you previously assigned to a guard unit within the last 2 years?

---

**VA**  **Department of Veterans Affairs**    **VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION**

No

**A-19d. What is the name of that unit?**
N/A

**A-19d. What is the mailing address of that unit?**
N/A

**A-19d. What is the telephone number of that unit?**
N/A

**A-19e-i. Tell us about your National Guard duty**

| | |
|---|---|
| Date entered duty | N/A |
| Begin service location | N/A |
| Service number | N/A |
| Date left service | N/A |
| End service location | N/A |
| Branch of service | N/A |
| Grade/Rank/Rating | N/A |
| Activated under Title 10 | N/A |

**A-19j-n. Tell us about your National Guard duty where the disability occurred or was aggravated**

| | |
|---|---|
| Date entered duty | N/A |
| Begin service location | N/A |
| Service number | N/A |
| Date left service | N/A |
| End service location | N/A |
| Branch of service | N/A |
| Grade/Rank/Rating | N/A |
| Activated under Title 10 | N/A |

**A-20a. Were you injured while traveling to or from your military assignment?**
No

**A-20b-e. Tell us about your travel status**

| | |
|---|---|
| Date injury occurred | N/A |
| Place injury occurred | N/A |
| Provider's name | N/A |
| Provider's organization | N/A |
| Provider's address | N/A |
| Agency name | N/A |

**A-21a. Are you receiving or will you receive retired or retainer pay that is based on your military service?**
Yes

| VA | **Department of Veterans Affairs** | **VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION** |

**A-21b.** What branch of service is paying or will pay your retired or retainer pay?
Army

**A-21c.** What is the monthly amount?
BLANK

**A-21d.** What is your retirement based on?
Disability

**A-21e.** Do you want to receive military retired pay instead of VA compensation?
No

**A-21f.** Tell us about your military benefits

| | |
|---|---|
| Received Lump Sum Readjustment Pay | BLANK |
| Amount of Lump Sum Readjustment | N/A |
| Received Separation Pay under 10 USC 1174 | BLANK |
| Amount of Separation Pay under 10 USC 1174 | N/A |
| Received Special Separation Benefit | BLANK |
| Amount of Special Separation Benefit received | N/A |
| Received Voluntary Separation Incentive(VSI) | BLANK |
| Amount of Voluntary Separation Incentive(VSI) Received | N/A |
| Received Disability Severance Pay | BLANK |
| Name of disability | N/A |
| Amount of Disability Severance Pay received | N/A |
| Received other military benefit | Yes |
| Other benefit type | UNKNOWN |
| Amount of other military benefit received | BLANK |

**A-22.** Do you certify that you have an account with a financial institution or certified payment agent?
Yes

**A-22.** Is your account a checking or savings account?

---

| Ramstack, Thomas Philip | Conf.#: 238285 | VA Form 21-526 (VONAPP) |
| SSN: ▓▓▓▓ | Submission Date: Sep. 04, 2006 | Page 6 of 17 |

| ⅤⒶ Department of Veterans Affairs | VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION |
|---|---|

Checking

**A-22. Account number**
60367709

**A-23. Name of financial institution**
CITIBANK

**A-24. Routing or transit number**
254070116

**A-29. Remarks (If you need more space to answer a question or have a comment about a specific item number on this form please identify your answer or statement by the item number.**
Please note some of the omissions on the amount of the claim and exact dates of imprisonment and service. That is a result of the fact that I have toxic encephalopathy, which is a form of brain damage that includes memory lapses and distortions.

**VA Form 21-526, Part B: Compensation**

**B-1 to B-4. Tell us about your disability**
**1st Treatment Information**

| Disability name | TOXIC ENCEPHALOPATHY |
|---|---|
| Date disability occurred | 10/1974 |
| Treatment beginning date | 05/26/1999 |
| Treatment ending date | 12/23/1999 |
| Name of doctor | NATHAN EARL CRONE MD |
| Name of hospital | JOHNS HOPKINS HOSPITAL |
| Address of Doctor/Hospital | 600 NORTH WOLFE STREET; BALTIMORE, MD 21287 |
| Print consent form | BLANK |

**B-5a. Were you exposed to Agent Orange or other herbicides?**
No

**B-5b-c. Tell us about your Herbicide related disability or disabilities?**

| Disability name | N/A |
|---|---|
| Country where exposed | N/A |

**B-6a. Were you exposed to asbestos?**
No

**B-6b-c. Tell us about your Asbestos related disability or disabilities?**

| Disability name | N/A |
|---|---|
| When exposed | N/A |
| How exposed | N/A |

**B-7a. Were you exposed to mustard gas?**

| Ramstack, Thomas Philip | Conf.#: 238285 | VA Form 21-526 (VONAPP) |
|---|---|---|
| SSN: ▓▓▓▓▓ | Submission Date: Sep. 04, 2006 | Page 7 of 17 |

file://C:\Documents%20and%20Settings\vscajohn\Local%20Settings\Temp\21526 2382...    09/05/2006

**Department of Veterans Affairs**   **VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION**

No

**B-7b-c. Tell us about your Mustard Gas related disability or disabilities?**

| | |
|---|---|
| Disability name | N/A |
| When exposed | N/A |
| How exposed | N/A |

**B-8a. Were you exposed to ionizing radiation?**
No

**B-8b-d. Tell us about your Ionizing Radiation related disability or disabilities?**

| | |
|---|---|
| Disability name | N/A |
| When exposed | N/A |
| Atmospheric testing | N/A |
| Nagasaki/Hiroshima | N/A |
| Other radiation exposure | N/A |

**B-9a. Were you exposed to an environmental hazard in the Gulf War?**
No

**B-9b-c. Tell us about your Gulf Hazard related disability or disabilities?**

| | |
|---|---|
| Disability name | N/A |
| What was the hazard | N/A |

**B-10a. Did you have a separation or retirement physical examination?**
No

**B-10b-c. Tell us about your Separation or Retirement Physical Exam(s)?**

| | |
|---|---|
| Date of exam | N/A |
| Place of exam | N/A |

**B-11. Tell us how your disabilities you listed are related to your military service.**
I was poisoned by agents of the Soviet Union during the Cold War with what appear to have been some kind of solvents. My guess is that it was solvents based upon the symptoms I exhibit, namely symptoms of toxic encephalopathy.

**VA Form 21-526, Part C: Dependency**

**C-1. What is your marital status?**
Never Married

**C-2. When were you married?**
N/A

Ramstack, Thomas Philip
SSN: ▮▮▮▮▮▮
Conf.#: 238285
Submission Date: Sep. 04, 2006
VA Form 21-526 (VONAPP)
Page 8 of 17

| | |
|---|---|
| **Department of Veterans Affairs** | **VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION** |

C-3. Where did you get married?
N/A

C-4. What is your spouse's name?
N/A

C-5. What is your spouse's birthday?
N/A

C-6. What is your spouse's Social Security number?
N/A

C-7a. Is your spouse also a veteran?
N/A

C-7b. What is your spouse's VA file number (If any)?
N/A

C-8. Do you live with your spouse?
N/A

C-9. What is your spouse's address?
N/A

C-10. Tell us why you are not living with your spouse.
N/A

C-11. How much do you contribute monthly to your spouse's support?
N/A

C-12. How were you married?
N/A

C-13a. Have you been married before?
N/A

C-13a. How many times have you been married before?
N/A

C-13b-g. Tell us about your previous marriage(s)

| | |
|---|---|
| Date when marriage began | N/A |
| Place married | N/A |
| Previous spouse name | N/A |
| Date when marriage ended | N/A |
| Why marriage ended | N/A |
| Where marriage ended | N/A |

C-14a. Has your spouse been married before?
N/A

| VA | Department of Veterans Affairs | VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION |

C-14a. How many times has your current spouse been married before?
N/A

C-14b-g. Tell us about your spouse's previous marriage(s)

| | |
|---|---|
| Date when marriage began | N/A |
| Place married | N/A |
| Previous spouse name | N/A |
| Date when marriage ended | N/A |
| Why marriage ended | N/A |
| Where marriage ended | N/A |

C-15. Are your parents financially dependent on you?
No

C-16. Do you have dependent children?
No

C-17. How many dependent children do you have?
N/A

C-18 to C-20. Tell us about your dependent(s)

| | |
|---|---|
| Name | N/A |
| Date of birth | N/A |
| Place of birth | N/A |
| Social Security Number | N/A |
| Biological | N/A |
| Adopted | N/A |
| Stepchild | N/A |
| 18-23 yrs. old and in school | N/A |
| Seriously disabled before age 18 | N/A |
| Child previously married | N/A |
| Dependent lives with you | N/A |
| Address of dependent not living with you | N/A |
| Name of person dependent lives with | N/A |
| Your monthly support to child | N/A |

VA Form 21526, Part D: Pension

D-1a. What disability(ies) prevent you from working?
N/A

D-1b. When did the disability(ies) begin?
N/A

| Ramstack, Thomas Philip | Conf.#: 238285 | VA Form 21-526 (VONAPP) |
| SSN: ▮▮▮▮▮▮ | Submission Date: Sep. 04, 2006 | Page 10 of 17 |

file://C:\Documents%20and%20Settings\vscaiohn\Local%20Settings\Temp\21526_2382...    09/05/2006

| **VA** Department of Veterans Affairs | **VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION** |
|---|---|

**D-2. Are you claiming a special monthly pension because you need the regular assistance of another person, are blind, nearly blind, or having severe visual problems, or are housebound?**
N/A

**D-3a. Are you now, or have you recently been hospitalized or given outpatient or home-based care?**
N/A

**D-3b-c. Tell us about your recent hospitalization or care**

| | |
|---|---|
| Hospitalization Beginning Date | N/A |
| Hospitalization Ending Date | N/A |
| Name of doctor | N/A |
| Name of facility | N/A |
| Address of doctor/facility | N/A |

**D-4a. Are you now employed?**
N/A

**D-4b. When did you last work?**
N/A

**D-4c. Were you self-employed before becoming totally disabled?**
N/A

**D-4d. What kind of work did you do?**
N/A

**D-4e. Are you still self-employed?**
N/A

**D-4f. What kind of work do you do now?**
N/A

**D-4g. Have you claimed or are you receiving disability benefits from the Social Security Administration(SSA)?**
N/A

**D-4h. What is the highest year of education you completed?**
N/A

**D-4i. List the other training or experience you have and any certificates that you hold.**
N/A

**D-5a-f. Tell us your work history**

Ramstack, Thomas Philip
SSN: ███████

Conf.#: 238285
Submission Date: Sep. 04, 2006

VA Form 21-526 (VONAPP)
Page 11 of 17

**Department of Veterans Affairs**

**VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION**

| | |
|---|---|
| Name of employer | N/A |
| Organization | N/A |
| Address of employer | N/A |
| Job title | N/A |
| Begin work date | N/A |
| End work date | N/A |
| Days lost due to disability | N/A |
| Total annual earnings | N/A |

**D-6a. Are you now in a nursing home?**
N/A

**D-6b-d. Tell us about the nursing home**

| | |
|---|---|
| Name of doctor | N/A |
| Name of facility | N/A |
| Address of doctor/facility | N/A |
| Medicaid cover all or part of costs | N/A |
| Applied for Medicaid | N/A |

**D-7a-h. Tell us about your net worth and your dependents' net worth**
**Veteran's Net Worth Information**

| | |
|---|---|
| Cash accounts | N/A |
| Interest bearing account | N/A |
| IRA accounts | N/A |
| Stocks and Bonds | N/A |
| Mutual funds | N/A |
| Business assets | N/A |
| Real property | N/A |
| All other property | N/A |

**Spouse's Net Worth Information**

| | |
|---|---|
| Cash accounts | N/A |
| Interest bearing account | N/A |
| IRA accounts | N/A |
| Stocks and Bonds | N/A |
| Mutual funds | N/A |
| Business assets | N/A |
| Real property | N/A |
| All other property | N/A |

**Dependent's Net Worth Information**

| | | |
|---|---|---|
| Ramstack, Thomas Philip | Conf.#: 238285 | VA Form 21-526 (VONAPP) |
| SSN: ████ | Submission Date: Sep. 04, 2006 | Page 12 of 17 |

**Department of Veterans Affairs**    VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION

| | |
|---|---|
| Name | N/A |
| Cash accounts | N/A |
| Interest bearing account | N/A |
| IRA accounts | N/A |
| Stocks and Bonds | N/A |
| Mutual funds | N/A |
| Business assets | N/A |
| Real property | N/A |
| All other property | N/A |

D-8. Will you receive any income from rental property or from operation of a business within 12 months of the day you sign this form?
N/A

D-9. Will you receive any income from the operation of a farm within 12 months of the day you sign this form?
N/A

D-10. Do you expect to receive money from a civilian agency, corporation, or individual, because of personal injury or death within 12 months of the day you sign this form?
N/A

D-11a-g. Tell us the income you and your dependents receive every month
Veteran's Current Income Information

| | |
|---|---|
| Social Security | N/A |
| U.S. Civil Service | N/A |
| U.S. Railroad Retirement | N/A |
| Military Retired Pay | N/A |
| Black Lung Benefits | N/A |
| Supplemental Security | N/A |
| Source of other income | N/A |
| Other income | N/A |

Spouse's Current Income Information

| | |
|---|---|
| Social Security | N/A |
| U.S. Civil Service | N/A |
| U.S. Railroad Retirement | N/A |
| Military Retired Pay | N/A |
| Black Lung Benefits | N/A |
| Supplemental Security | N/A |
| Source of other income | N/A |
| Other income | N/A |

Dependent's Current Income Information

Ramstack, Thomas Philip
SSN:

Conf.#: 238285
Submission Date: Sep. 04, 2006

VA Form 21-526 (VONAPP)
Page 13 of 17

file://C:\Documents%20and%20Settings\vscaiohn\Local%20Settings\Temp\21526_2382...    09/05/2006

# Department of Veterans Affairs

## VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION

| | |
|---|---|
| Name | N/A |
| Social Security | N/A |
| U.S. Civil Service | N/A |
| U.S. Railroad Retirement | N/A |
| Military Retired Pay | N/A |
| Black Lung Benefits | N/A |
| Supplemental Security | N/A |
| Source of other income | N/A |
| Other income | N/A |

**D-12a-f. Tell us about other income for you and your dependents**

**Veteran's Expected Income Information**

| | |
|---|---|
| Gross wages and salaries | N/A |
| Total interest and dividends | N/A |
| Worker's Compensation | N/A |
| Unemployment compensation | N/A |
| Source of other military benefit | N/A |
| Other military benefit | N/A |
| Source of other military benefit | N/A |
| Other one-time benefit | N/A |

**Spouse's Expected Income Information**

| | |
|---|---|
| Gross wages and salaries | N/A |
| Total interest and dividends | N/A |
| Worker's Compensation | N/A |
| Unemployment compensation | N/A |
| Source of other military benefit | N/A |
| Other military benefit | N/A |
| Source of other military benefit | N/A |
| Other one-time benefit | N/A |
| Source of other military benefit | N/A |

**Dependent's Expected Income Information**

file://C:\Documents%20and%20Settings\vscajohn\Local%20Settings\Temp\21526 2382...    09/05/2006

**Department of Veterans Affairs**                     **VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION**

| | |
|---|---|
| Name | N/A |
| Gross wages and salaries | N/A |
| Total interest and dividends | N/A |
| Worker's Compensation | N/A |
| Unemployment compensation | N/A |
| Source of other military benefit | N/A |
| Other military benefit | N/A |
| Source of other one-time benefit | N/A |
| Other one-time benefit | N/A |

D-13. Do you have any Medical, Legal or Other Expenses?
N/A

D-13a-e. Tell us any information concerning Medical, Legal, or Other Expenses

| | |
|---|---|
| Amount paid by you | N/A |
| Date paid | N/A |
| Purpose | N/A |
| Paid to | N/A |
| Disability/Relationship of person for whom expenses paid | N/A |

| | | |
|---|---|---|
| Ramstack, Thomas Philip | Conf.#: 238285 | VA Form 21-526 (VONAPP) |
| SSN: ▓▓▓▓▓▓ | Submission Date: Sep. 04, 2006 | Page 15 of 17 |



**Department of**
**Veterans Affairs**                    VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION

**PRIVACY ACT INFORMATION:** No allowance of compensation or pension may be granted unless this form is completed fully as required by law (38 U.S.C. 5101). The responses you submit are considered confidential (38 U.S.C. 5701). VA may disclose the information that you provide, including Social Security numbers, outside VA if the disclosure is authorized under the Privacy Act, including the routine uses identified in the VA system of records, 58VA21/22 Compensation, Pension, Education, and Rehabilitation Records - VA. The requested information is considered relevant and necessary to determine maximum benefits under the law. Information submitted is subject to verification through computer matching programs with other agencies. VA may make a "routine use" disclosure for: civil or criminal law enforcement, congressional communications, epidemiological or research studies, the collection of money owed to the United States, litigation in which the United States is a party or has an interest, the administration of VA programs and delivery of VA benefits, verification of identity and status, and personnel administration. The requested information is considered relevant and necessary to determine maximum benefits under the law. Information that you furnish may be utilized in computer matching programs with other Federal or state agencies for the purpose of determining your eligibility to receive VA benefits, as well as to collect any amount owed to the United States by virtue of your participation in any benefit program administered by the Department of Veterans Affairs.

**Income and employment information:** The income and employment information furnished by you will be compared with information obtained by VA from the Secretary of Health and Human Services or the Secretary of the Treasury under clause (viii) of section 6103 (1)(7)(D) of the Internal Revenue Code of 1986.

**Social Security Information:** You are required to provide the Social Security number(s), requested under 38 U.S.C. 5101(c)(1). VA may disclose Social Security numbers as authorized under the Privacy Act, and, specifically, may disclose them for the purposes stated above.

**Respondent Burden:** VA may not conduct or sponsor, and respondent is not required to respond to this collection of information unless it displays a valid OMB Control Number. Public reporting for this collection of information is estimated to average 1 hour and 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have comments regarding this burden estimate or any other aspect of this collection of information, call 1-800-827-1000 for mailing information on where to send your comments.

**Penalty:** The law provides severe penalties which include fine or imprisonment, or both, for the willful submission of any statement or evidence of a material fact, knowing it to be false, or for the fraudulent acceptance of any payment which you are not entitled to.

OMB Approved No. 2900-0001; Respondent Burden: 1 hour 30 minutes
Form Date: Aug. 2001

**Department of Veterans Affairs**    VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION

I certify and authorize the release of information:
I certify that the statements in this document are true and complete to
the best of my knowledge. Any physician, dentist, or hospital that has
treated or examined me, or that I have consulted professionally, may give
the Department of Veterans Affairs any information about me, and I waive
any privilege which makes the information confidential.

_____    _Nov. 2, 2006_____
SIGNATURE OF CLAIMANT                DATE

_____    816 Easley St. Silver Spring MD
SIGNATURE OF WITNESS                 20910
                                     Nichelle A Watson
                                     PRINTED NAME AND ADDRESS OF WITNESS

_____    886 Easley St. Silver Spring MD
SIGNATURE OF WITNESS                 20910
                                     Freddys Molina
                                     PRINTED NAME AND ADDRESS OF WITNESS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS PHILIP RAMSTACK,          )
                                 )
              Plaintiff,          )
                                 )          Civ. No. 08-0658 (RMU)
       v.                         )
                                 )
U.S. DEPARTMENT OF THE ARMY,      )
CENTRAL INTELLIGENCE AGENCY,      )
U.S. DEPARTMENT OF STATE,         )
                                 )
              Defendants.         )
_____ )

DECLARATION OF ELIZABETH B. TATUM
CHIEF, VETERANS SUPPORT BRANCH
U.S. DEPARTMENT OF THE ARMY

I, Elizabeth B. Tatum hereby declare and say:

1.    I am a Department of the Army civilian employee
working at the U.S. Army Human Resources Command, 1 Reserve Way,
St. Louis Missouri 63132 (*hereinafter* HRC-S).

2.    The National Personnel Records Center (NPRC) maintains
hardcopy records for all personnel and medical records of
retired, discharged, separated or deceased soldiers prior to
October 1, 2002.  The Army maintains an electronic database for
personnel records for retired, discharged, separated or deceased
soldiers serving after October 1, 2002.

3.    The HRC-S Veterans Support Branch provides
verification of prior military service for veterans seeking
entitlements to various military benefits.

4.    I have served with the United States Government for approximately forty years and, served as the Chief, Veterans Support Branch, DD-214 Program Manager for 26 years.

5.    In my capacity as Chief, Veterans Support Branch, DD-214 Program Manager, I am responsible for managing requests for service records made by U.S Army veterans. These responsibilities include directing searches of Department of the Army records systems pursuant to public requests for records under these programs, and coordinating the reviews of any records retrieved in such searches.

6.    As part of my official duties, I ensure the Army administratively processes records requests -- including the search, retrieval, analysis, review, redaction, and release of documents -- in accordance with the law and as efficiently as possible with the personnel and resources available.

7.    I have reviewed the complaint filed in this action and I am familiar with the subject request. All information contained herein is based upon information furnished to me in my official capacity and upon my personal review of the request at issue in this litigation.

8.    On July 11, 2006 our office received a written request for plaintiff's Army service records. Plaintiff's request sought any records or documents pertaining to service with the United States Army between 1973 and 1975.

2

9.   A case number (18132308) was opened by Betty Page, a contract employee in the Veterans Support Branch, on July 11, 2006.  Due to the significant increase and backlog in requests for veterans' records, the search for plaintiff's records did not take place until August 2007.

10.   On August 10, 2007, the plaintiffs request was assigned to SGT Daniel Knabe to conduct the search. The search was conducted on or around August 10, 2007.

11.   The plaintiff's records were searched using electronic databases available to HRC-S.  Those databases include the Interactive Permanent Electronic Management System (iPERMS); the NPRC's Electronic Military Records (eMIL Recs) database; the Defense Manpower Data Center (DMDC); Beneficiary Individual Records Locator System (BIRLS); and the Defense Finance Accounting Service (DFAS).

12.   The initial search is conducted by the VSB personnel assigned to the case, in this case SGT Daniel Knabe, using iPERMS.  The iPERMS database contains military personnel records entered beginning in October 2002.

13.   If no records are located, or pertain to service occurring prior to 2002, a search is conducted of the National Archives records using the NPRC's eMIL Recs database.  This search is conducted based upon the name of the service member,

3

and the service number for personnel active prior to 1969, or Social Security number for personnel active after 1969.

14. When records cannot be found in eMIL Recs, the VSB then conducts a search in the Defense Manpower Data Center (DMDC). The DMDC contains data that may have been lost by other databases, or records added at a later date. The DMDC provides VSB personnel with date of entry and discharge of Army personnel.

15. If VSB is still unable to locate the requested records, an additional search is run using the Veteran Administration's (VA) Beneficiary Individual Records Locator Service (BIRLS). BIRLS is used by the VA to locate the DD-214 form, which is used to establish a veteran's benefits claim.

16. The VSB will also search the Defense Finance Accounting Service (DFAS) system for records of leave and earnings for discharged or retired service members.

17. Each of the databases listed in paragraph 11-16 uses the individual's name and/or Social Security number to locate records. The plaintiff's name and Social Security number were provided to the VSB in the request for records.

18. None of the databases returned any records of service for the plaintiff. This is reflected in the Soldier Management System (SMS) database that tracks Army veteran service personnel requests (Attachment 1).

4

19.  The plaintiff was notified that no records of his service were found in a letter dated August 15, 2007, and signed by SGT Daniel Knabe for COL Jorge M. Fernandez, U.S. Army Director, Personnel Actions and Services. The letter stated that the Veterans Support Branch was unable to locate a Record of Army service based on the Social Security number provided (Attachment 2).

\*  \*  \*  \*

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of June, 2008.


Elizabeth B. Tatum
Chief, Veterans Support Branch, HRC-S
Department of the Army

5

**DECLARATION OF ELIZABETH B. TATUM
CHIEF, VETERANS SUPPORT BRANCH
U.S. DEPARTMENT OF THE ARMY**


**ATTACHMENT 1**

IWS - Transactions                                                                        Page 1 of 1

SHARED Soldier RAMSTACK THOMAS SSN: ███████

**Transaction History** 🖼

| (?) (?) (?) (?) 🔊 🔒 📄 | Business Area ▲▼ | Date ▲▼ | Receiver | Remarks | | Suspense |
|---|---|---|---|---|---|---|
| 🖼 📇 ✉ 📤 | RECORD > DOCUMENTS | 2007/08/20 08:19:22 | AHRC-PAV-V | [ 2007/08/20 08:19:16 daniel.knabe ] Unable to identify record of service using automated systems, or request contained insufficient information to identify record. Case can not be worked and sent denial letter to addressee. | | |

IWS - Create Transaction                                    Page 1 of 1



SHARED  Soldier  RAMSTACK THOMAS  SSN:

**Transaction Detail**

| | | |
|---|---|---|
| CASE | ID: 18132308 ( Closed) | |
| Soldier | RAMSTACK THOMAS | |
| Originator Type: | THIRD PARTY REQUESTER | |
| Originator: | RAMSTACK THOMAS | |
| Originator Organization: | | |
| Business Area. | | |
| Method: | | |
| Suspense Date: | / / | |
| Shortcut Remarks: | Add | |
| Search Tags: | | Add |

[ Remarks ] [ Action ] [ Attach ] [ Close ]

CLOSED to @AHRC-PAV-V on 2007/08/20 08:19:22

COMPLETED by KNABE DANIEL@AHRC-PAV-V on 2007/08/20 08:19:20

Remark entered by KNABE DANIEL on 2007/08/20 08:19:16
Unable to identify record of service using automated systems, or request contained
insufficient information to identify record. Case can not be worked and sent denial letter
to addressee.

ACCEPTED by KNABE DANIEL@AHRC-PAV-V on 2007/08/15 11:14:32

ASSIGNED to KNABE DANIEL@AHRC-PAV-V on 2007/08/10 10:00:41

OPENED by PAGE BETTY@AHRC-PAV-V on 2006/07/11 15:49:40

**QnLine Help**

*Quick*

*Start Guide*

▷ Transaction
   Overview

▷ Create a New
   Transaction

▷ Transaction
   Tools

▷ Transaction
   Events

▷ Completing a
   Transaction

**DECLARATION OF ELIZABETH B. TATUM**
**CHIEF, VETERANS SUPPORT BRANCH**
**U.S. DEPARTMENT OF THE ARMY**


**ATTACHMENT 2**

FROM BETA                            (WED) 5. 21' 08 12:06/ST. 11:58/NO. 4861391613 P 29



**DEPARTMENT OF THE ARMY**
U.S. ARMY HUMAN RESOURCES COMMAND
1 RESERVE WAY
ST. LOUIS, MO 83132-5200

August 15, 2007

Veterans Support Branch/dk

SUBJECT: Ramstack, Thomas/███████

Mr. Thomas Ramstack
816 Easley Street
Apartment 407
Silver Spring, MD 20910-4579

Dear Veteran:

You have an unanswered inquiry on file at Human Resources Command - St. Louis that is over two years old. Please accept our apology for not providing a response. Unfortunately, there has been a three-fold increase in veteran's inquiries since the year 2003 and resource constraints have prevented us from answering them all.

A special task force has been assembled in house to screen these backlogged requests to determine if they can be worked, based on the information you have submitted and various automated systems in use at this Command. We have determined from these sources that we are unable to answer your request for the following reason(s): We were unable to locate a record of Army service for the individual identified above in our automated systems, based on the social security number provided in your request.

Again, we very much regret having been unable to respond to your original inquiry. Your service to the Army and the United States of America is appreciated and has not been forgotten.

Sincerely,

Jorge M. Fernandez
Colonel, US Army
Director, Personnel
    Actions and Services

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS PHILIP RAMSTACK,  )
                          )
            Plaintiff,    )
                          )
        v.                )    Civ. No. 08-0658 (RMU)
                          )
U.S. DEPARTMENT OF THE ARMY, )
CENTRAL INTELLIGENCE AGENCY, )
U.S. DEPARTMENT OF STATE,  )
                          )
            Defendants.   )
_____)

**DECLARATION OF GARY HARGROVE**
**DA FOIA PROGRAM ANALYST**
**FREEDOM OF INFORMATION AND PRIVACY ACT OFFICE**

I, Gary Hargrove, hereby declare and say:

1.    I am a Department of the Army Program Analyst at the Freedom of Information and Privacy Act Office, Alexandria, Virginia.  I make this declaration in support of the Army's motion for summary judgment in this proceeding.

2.    I have served with the United States Government for approximately 9 years and, I am a Program Analyst for the Department of the Army Freedom of Information (FOIA) and Privacy Office (PA).

3.    In my capacity as DA Program Analyst, I am one of a team who is responsible for processing FOIA requests.

4.    As part of my official duties, I ensure the Army Freedom of Information office processes FOIA requests --

including the search, analysis, release, refer or having the
requester write to an agency -- in accordance with the law and
as efficiently as possible with the personnel and resources
available.

5.    On June 16, 2008, I searched for any correspondence
between the Department of the Army FOIA office and Mr. Thomas
Ramstack.  I used the Freedom of Information and Privacy Acts
Case Tracking System.

6.    This declaration describes the FOIA requests that were
received in our office from Mr. Thomas Ramstack, and the
responses that were sent to him.

### RECORDS REQUESTS AND RESPONSES

7.    According to a check of our records, on January 5,
2008, Mr. Thomas Ramstack sent an electronic mail FOIA request
to Ms. Barbara Garis, Program Analyst, (Attachment 1),
requesting all "records or documents relevant to my service in
the U.S. military and any injuries or disabilities I sustained
in the course of that service."

8.    In addition, Mr. Ramstack sent a similar written
request, dated January 5, 2008, to Robert Dickerson, Chief, Army
Freedom of Information and Privacy Office (Attachment 2).

9.    On February 21, 2008, Mr. Ramstack sent an electronic
mail request to Ms. Geraldine Yates, Program Analyst,
(Attachment 3), requesting "access to and copies of any records

2

or documents relevant to my service in the U.S. military from November 1973 through the present, including records of any service-related injuries I may have sustained." Mr. Ramstack also asked for any other records or documents "the U.S. Army might have on me during that same period."

10.  Our records indicate that we received a typewritten FOIA request, dated February 23, 2008, addressed to Department of the Army, U.S. Army Freedom of Information and Privacy Office, specifically to "Dear FOI Officer" (Attachment 4). This request asked for "access to and copies of records or documents pertaining to any employment by the U.S. Army of Thomas Philip Ramstack from 1973 through the present, including records of any service-related injuries suffered by Thomas P. Ramstack." In addition, Mr. Ramstack requested "records of any previous Freedom of Information Act requests and appeals made by Thomas P. Ramstack to the U.S. military."

11.  In response to Mr. Ramstack's requests on January 5, 2008, Ms. Mary Nance Jordan, Program Analyst, sent Mr. Ramstack a letter, via electronic mail, from Mr. Robert Dickerson, Chief, Army Freedom of Information and Privacy Office (Attachment 5). The letter informed Mr. Ramstack that his response was being processed in accordance with the FOIA.  Mr. Dickerson advised Mr. Ramstack that his office served as "the referral point and oversight office for the Department of the Army Freedom of

Information and Privacy Act entities, and is not a repository for documents in the Department of the Army. Because the DA FOIA office does not maintain any records, Mr. Dickerson informed Mr. Ramstack that records of former active duty personnel, if they existed, would be located in that Soldier's Official Military Personnel File (OMPF) at the National Personnel Records Center (NPRC). Mr. Ramstack was provided contact information for that office and instructed to contact them directly. Mr. Ramstack was also provided with a Standard Form 180, Request Pertaining to Military Records, to submit to that agency. Mr. Dickerson further provided Mr. Ramstack with contact information for the Defense Security Service, an agency that may have records for Mr. Ramstack if a background investigation was conducted on him.

12. On February 28, 2008, MS. Jordan, in response to the February 21 and 23 requests, which were identical to his 5 January requests, re-sent the January 10, 2008 electronic mail from Mr. Dickerson to Mr. Ramstack (Attachment 6).

13. These are the only correspondence our office has from or to Mr. Ramstack.

\*    \*    \*    \*

I hereby declare under penalty of perjury that the foregoing is true and correct.

4

Executed this 20 day of June, 2008.


_____

Gary Hargrove
DA FOIA PROGRAM      ANALYST
FREEDOM OF INFORMATION AND PRIVACY ACT
OFFICE

# ATTACHMENT 1

FP-08-004544
FA-08-0195

## Garris, Barbara Ms CIV USA SA

**From:**    TRamstack@aol.com
**Sent:**    Saturday, January 05, 2008 11:04 PM
**To:**    RMDA FOIA
**Subject:**    FOIA Request from Tom Ramstack

TO: U.S. ARMY FREEDOM OF INFORMATION ACT COORDINATOR
FROM: THOMAS PHILIP RAMSTACK
RE: FOIA REQUEST
DATE: JAN. 5, 2008

    I hereby submit a request to the U.S. Department of the Army under the Freedom of Information Act for all records or documents relevant to my service in the U.S. military and any injuries or disabilities I sustained in the course of that service.
    My legal name is Thomas Philip Ramstack. My Social Security number is ▇▇▇▇▇▇▇. I was born ▇▇▇▇▇▇ ▇▇ ▇ Wichita, Kansas. You may contact me at the phone number listed below if necessary.
    I agree to pay all reasonable copying and mailing fees for this FOIA request up to $50. Please send the information to my current address listed below.

Tom Ramstack
816 Easley Street, No. 407
Silver Spring, MD 20910

phone: 301-585-3450
e-mail: tramstack@aol.com

---

Start the year off right. Easy ways to stay in shape in the new year.

# ATTACHMENT 2

FREEDOM OF INFORMATION ACT REQUEST

Robert Dickerson                                                    Jan. 5, 2008
Freedom of Information and Privacy Acts Division
Attn: AHRC-PDD-FP
7701 Telegraph Road
Alexandria, VA 22315-3860

Dear Freedom of Information Act Coordinator,

      I hereby submit a request to the U.S. Department of the Army under the Freedom of Information Act for all records or documents relevant to my service in the U.S. military from November 1973 through the present, including records of any service-related injuries I might have sustained. I also ask for any other records or documents the U.S. Army might have on me during that same period.
      My legal name is Thomas Philip Ramstack. My Social Security number is ██████. I was born ██████ n Wichita, Kansas. You may contact me at the phone number listed below if necessary.
      I agree to pay all reasonable copying and mailing fees for this FOIA request up to $50. Please send the information to my current address listed below. Thank you.

Tom Ramstack
816 Easley Street, No. 407
Silver Spring, MD 20910

phone: 301-585-3450
e-mail: tramstack@aol.com

# ATTACHMENT 3

**Yates, Geraldine Ms CIV USA SA**

**From:**    tramstack@aol.com
**Sent:**    Thursday, February 21, 2008 1:40 PM
**To:**      RMDA FOIA
**Subject:** FREEDOM OF INFORMATION ACT REQUEST FROM TOM RAMSTACK

FREEDOM OF INFORMATION ACT REQUEST

Freedom of Information and Privacy Acts Division                      Feb. 21, 2008
Attn: JDRP-RDF
7701 Telegraph Road
Alexandria, VA 22315-3860

   Pursuant to the federal Freedom of Information Act, 5 USC s.552, and the federal Privacy
Act, I hereby request access to and copies of any records or documents relevant to my service
in the U.S. military from November 1973 through the present, including records of any service-
related injuries I might have sustained. I also ask for any other records or documents the U.S.
Army might have on me during that same period.
   My legal name is Thomas Philip Ramstack. My Social Security Number is ████████. I
was born ████████ in Wichita, Kansas. You may contact me at the phone number or e-
mail address listed below.
   I agree to pay all reasonable copying and mailing fees for this FOIA and Privacy Act request
up to $50. Please send the information to my current mailing address or e-mail address listed
below. Thank you.

Tom Ramstack
816 Easley Street, No. 407
Silver Spring, MD 20910

phone: 301-585-3450
e-mail: tramstack@aol.com

More new features than ever. Check out the new AOL Mail!

2/25/2008

# ATTACHMENT 4

Department of the Army                                      Feb. 23, 2008
U.S. Army Freedom of Information and Privacy Office
Casey Building
ATTN: JDRP-RDF
7701 Telegraph Road, Suite 144
Alexandria, VA 22315-3905

FOIA REQUEST

Dear FOI Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, I request access to
and copies of records or documents pertaining to any employment by the U.S. Army of
Thomas Philip Ramstack from 1973 through the present, including records of any
service-related injuries suffered by Thomas P. Ramstack. I also request records of any
previous Freedom of Information Act requests and appeals made by Thomas P. Ramstack
to the U.S. military. My Social Security number is ████████. I was born ████
████, in Wichita, Kansas.

I agree to pay reasonable duplication fees for the processing of this request in an amount
not to exceed $50.00. However, please notify me prior to your incurring any expenses in
excess of that amount.

If my request is denied in whole or part, I ask that you justify all deletions by reference to
specific exemptions of the act. I will also expect you to release all segregable portions of
otherwise exempt material. I, of course, reserve the right to appeal your decision to
withhold any information or to deny a waiver of fees.

I declare, certify, verify or state under penalty of perjury under the laws of the United
States of America that the foregoing is true and correct.

I look forward to your reply within 20 business days, as the statute requires. Thank you
for your assistance.

Sincerely,

*Tom Ramstack*

Thomas P. Ramstack
816 Easley Street, No. 407
Silver Spring, MD 20910

e-mail: tramstack@aol.com
phone: 301-585-3450

# ATTACHMENT 5

*C-96(w)*

## Jordan, Mary Nance CIV USA SA

| | |
|---|---|
| **From:** | Jordan, Mary Nance CIV USA SA |
| **Sent:** | Thursday, January 10, 2008 11:07 AM |
| **To:** | 'TRamstack@aol.com' |
| **Subject:** | OMPF and Medical records (08-0195) (UNCLASSIFIED) |
| **Attachments:** | oledata.mso; image001.emz |

Classification: <u>UNCLASSIFIED</u>

Caveats: NONE


SF0180.pdf

Dear Mr. Ramstack:

This message is sent in response to your electronic Freedom of Information Act request dated January 5, 2008. You requested copies of all military records pertaining to yourself, including medical records of injuries and/or disabilities  Your request is being processed in accordance with Title 5 United States Code 552, The Freedom of Information Act.

Please be advised that this office serves as the referral point and oversight office for the Department of the Army Freedom of Information and Privacy Acts entities, and is not a repository for documents for the Department of the Army.  Requests for information and documents under the purview of the Army are sent to the agency most likely to have the responsibility for the review and release of the records in accordance with Army Regulation 25-55, The Army Freedom of Information Act Program. Requests are maintained by each activity at all Army installations and requesters may contact them directly at each installation where there is an interest.

All records of formerly active duty military personnel, to the extent that they exist, would be located within the individual's Official Military Personnel File (OMPF) at the National Personnel Records Center (NPRC), 9700 Page Avenue, St. Louis, MO  63132-5100.  Records would include medical records, unit, discharge, awards and other records.  A fire in 1973 destroyed many Army records through 1960; however, its Reconstruction Branch has been able to reconstruct some of those files.

Therefore you should complete the attached Standard Form 180, Request Pertaining to Military Records, providing as much information as possible, i.e., full name, date of birth, Service and/or Social Security number, unit(s) with corresponding date(s), branch of service, etc., and mail it to the appropriate address noted on the form.  The response time varies due to the large number of requests.  To facilitate electronic assistance, see the attachment above, or download Adobe Acrobat Reader at http://www.adobe.com, and note Acrobat Reader, at the bottom of the page.

If you ever had a background investigation, you may wish to write to the following activity:

Defense Security Service
ATTN: Privacy Act Branch
601 Tenth St., Suite 128
Ft. Meade, MD  20755-5134
(301) 677-7550

We hope that this information is helpful to you. Please be specific in consideration of the type of records you are looking for, and supply sufficient personal identification when directing your request. If you have future questions about fees or the status of your request, you should call or write to the relevant agencies cited above, which will respond directly to you.

Sincerely,

Mr. Robert Dickerson
Chief, Army Freedom of Information
 and Privacy Office


Classification: **UNCLASSIFIED**

Caveats: NONE

# ATTACHMENT 6

Page 1 of 2

*Correspondence*

*Re-sent 3d time on
2/28/08*

## Jordan, Mary Nance CIV USA SA

| | |
|---|---|
| **From:** | Jordan, Mary Nance CIV USA SA |
| **Sent:** | Thursday, February 28, 2008 8:48 AM |
| **To:** | 'TRamstack@aol.com'; 'TRamstack@WashingtonTimes.com' |
| **Subject:** | FW: OMPF and Medical records (08-0195) (UNCLASSIFIED) |
| **Attachments:** | oledata.mso; image002.gif |

Classification: <u>UNCLASSIFIED</u>

Caveats: NONE

---

**From:** Jordan, Mary Nance CIV USA SA
**Sent:** Thursday, January 10, 2008 11:07 AM
**To:** 'TRamstack@aol.com'
**Subject:** OMPF and Medical records (08-0195) (UNCLASSIFIED)

Classification: <u>UNCLASSIFIED</u>

Caveats: NONE


SF0180.pdf

Dear Mr. Ramstack:

This message is sent in response to your electronic Freedom of Information Act request dated January 5, 2008. You requested copies of all military records pertaining to yourself, including medical records of injuries and/or disabilities. Your request is being processed in accordance with Title 5 United States Code 552, The Freedom of Information Act.

Please be advised that this office serves as the referral point and oversight office for the Department of the Army Freedom of Information and Privacy Acts entities, and is not a repository for documents for the Department of the Army. Requests for information and documents under the purview of the Army are sent to the agency most likely to have the responsibility for the review and release of the records in accordance with Army Regulation 25-55, The Army Freedom of Information Act Program. Requests are maintained by each activity at all Army installations and requesters may contact them directly at each installation where there is an interest.

All records of formerly active duty military personnel, to the extent that they exist, would be located within the individual's Official Military Personnel File (OMPF) at the National Personnel Records Center (NPRC), 9700 Page Avenue, St. Louis, MO 63132-5100. Records would include medical records, unit, discharge, awards and other records. A fire in 1973 destroyed many Army records through 1960; however, its Reconstruction Branch has been able to reconstruct some of those files.

Therefore you should complete the attached Standard Form 180, Request Pertaining to Military Records, providing as much information as possible, i.e., full name, date of birth, Service and/or Social Security number, unit(s) with corresponding date(s), branch of service, etc., and mail it to the appropriate address noted on the form. The response time varies due to the large number of requests. To facilitate electronic assistance, see the attachment above, or download Adobe Acrobat Reader at http://www.adobe.com, and note Acrobat Reader, at the bottom of the page.

If you ever had a background investigation, you may wish to write to the following activity:

Defense Security Service
ATTN: Privacy Act Branch
601 Tenth St., Suite 128
Ft. Meade, MD 20755-5134
(301) 677-7550

We hope that this information is helpful to you. Please be specific in consideration of the type of records you are looking for, and supply sufficient personal identification when directing your request. If you have future questions about fees or the status of your request, you should call or write to the relevant agencies cited above, which will respond directly to you.

Sincerely,

Mr. Robert Dickerson
Chief, Army Freedom of Information
  and Privacy Office


Classification: **UNCLASSIFIED**

Caveats: NONE

Classification: **UNCLASSIFIED**

Caveats: NONE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS PHILIP RAMSTACK,            )
                                  )
            Plaintiff,            )
                                  )    Civ. No. 08-0658 (RMU)
       v.                         )
                                  )
U.S. DEPARTMENT OF THE ARMY,      )
CENTRAL INTELLIGENCE AGENCY,      )
U.S. DEPARTMENT OF STATE,         )
                                  )
            Defendants.           )
_____    )

### DECLARATION OF DELORES NELSON
### INFORMATION AND PRIVACY COORDINATOR
### CENTRAL INTELLIGENCE AGENCY

I, DELORES NELSON, hereby declare and say:

1.    I am the Chief, Public Information Programs Division, Information Review and Release Group (IRRG), Information Management Services (IMS), Office of the Chief Information Officer (CIO), Central Intelligence Agency (CIA). Since 21 April 2008, I have also served as the CIA Information and Privacy Coordinator (Coordinator). I make this declaration in support of the CIA's motion for summary judgment in this proceeding.

2.    I have served with the CIA for approximately twenty-nine years and, in addition to my current positions, have held other supervisory positions with the CIA.

3.    In my capacity as Coordinator, I am responsible for managing the Freedom of Information Act (FOIA), Privacy Act, and Executive Order 12958[1] Mandatory Declassification Review programs for the CIA.  These responsibilities include directing searches of CIA records systems pursuant to public requests for records under these programs, and coordinating the reviews of any records retrieved in such searches.

4.    As part of my official duties, I ensure the CIA administratively processes FOIA and Privacy Act requests -- including the search, retrieval, analysis, review, redaction, and release of documents -- in accordance with the law and as efficiently as possible with the personnel and resources available.

5.    Through the exercise of my official duties, I am familiar with this civil action.  I make the following statements based upon my personal knowledge and the information made available to me in my official capacity.

6.    This declaration describes the CIA's records systems, its procedures for responding to FOIA/Privacy Act

---

[1] Executive Order 12958 was amended by Executive Order 13292.  See Exec. Order No. 13292, 68 Fed. Reg. 15,315 (Mar. 28, 2003).  All citations to Executive Order 12958 are to the Order as amended by Executive Order 13292.  See Exec. Order No. 12958, 3 C.F.R. 333 (1996), *reprinted as amended in* 50 U.S.C.A. § 435 note at 187-99 (West Supp. 2007).

requests, and actions the CIA took in responding to

Plaintiff's FOIA/Privacy Act requests.[2]

CIA RECORDS SYSTEMS

7.    Any intelligence or security agency continually

faces the risk that there may be a spy within its ranks.

Prudence dictates that an agency take appropriate

counterintelligence and security precautions to minimize

the potential damage to national security that could result

from a spy in the agency's midst.  One way to minimize such

damage is strictly to limit the amount of information to

which any particular employee has access.

8.    CIA limits employee access to information by

employing a "need-to-know" policy, which provides that an

employee has access only to that information required to

perform the employee's duties.  CIA implements this policy

through decentralizing and compartmenting its records

systems.

9.    While the counterintelligence advantage of this

practice is obvious, one disadvantage is equally obvious:

the inherent inefficiencies created in the records search

and retrieval processes.  These inefficiencies affect not

only the day-to-day activities of CIA employees trying to

---

[2] Plaintiff submitted written requests for all data on himself.  It is
CIA policy to process all such requests under both the FOIA and the
Privacy Act in order to ensure the maximum possible disclosure to the
requester.  See 32 C.F.R. § 1901.21(a).

perform their mission, but also the process of responding
to FOIA/Privacy Act requests.

<u>PROCESSING OF FOIA/PRIVACY ACT REQUESTS</u>

10. IMS is the initial reception point for all
FOIA/Privacy Act requests. Experienced IMS information
management professionals analyze each request and determine
which CIA components might reasonably be expected to
possess records responsive to a particular request. IMS
then transmits a copy of the request to each relevant
component. When a request is broad, it is quite common for
IMS to transmit the request to many components. Because
the CIA's records systems are decentralized and
compartmented, each component must then devise its own
search strategy, which includes identifying which of its
records systems to search as well as what search tools,
indices, and terms to employ. The information management
professionals in each component conducting FOIA/Privacy Act
searches are the same professionals searching records to
support the component's daily mission.

11. After a tasked component locates documents in
response to the FOIA/Privacy Act request, officers must
review the documents to determine whether they are
responsive to the request. Because of the nature of a
particular records system -- or the search tools, indices,

or terms employed -- a search may locate many documents that are not responsive to the request.

12. After officers remove the non-responsive documents, the Information Review Officers must then review the remaining documents to determine which, if any, FOIA and Privacy Act exemptions apply, and whether they can reasonably segregate non-exempt information from exempt information. In evaluating responsive documents, officers must segregate exempt information to avoid the inadvertent disclosure of classified information, information concerning intelligence sources and methods, or other information protected by the FOIA and Privacy Act exemptions. This process is laborious and time-consuming.

13. In the course of reviewing documents for exempt information and segregability, a component frequently identifies information that it must coordinate with or refer to another CIA component or another agency because the other component or agency originated the information or otherwise has an equity in it.[3] This coordination and referral process itself can be quite time-consuming because other components and agencies have their own mission and FOIA/Privacy Act priorities.

---

[3] See Exec. Order No. 12958 § 3.6(b).

14. When all of the components and agencies complete their respective reviews, IMS professionals incorporate all of their recommendations regarding exemptions, segregation, redaction, and release, resolve conflicting recommendations, and ensure that the release or withholding determinations comply with law and published CIA regulations. A review is then conducted from a corporate perspective on behalf of the entire CIA and additional exempt information that reflects overall CIA equities may be identified. A final record copy of each document is then produced and a response is provided to the requestor.

## PLAINTIFF'S FOIA/PRIVACY ACT REQUEST

15. By letter dated 14 December 1992, Plaintiff submitted a written FOIA/Privacy Act request to the CIA seeking information about himself. By letter dated 4 January 1993, the CIA acknowledged receiving Plaintiff's 14 December 1992 request and for identification purposes, assigned the request reference number P92-2365. A true and correct copy of the CIA's 4 January 1993 letter is attached hereto as Exhibit 1. By letter dated 23 February 1993, the CIA provided Plaintiff a final response to his 14 December 1992 request. The response letter indicated that the CIA conducted thorough and diligent searches "for records in existence as of and through the date of our acceptance

6

letter dated 4 January 1993." A true and correct copy of the CIA's 23 February 1993 letter is attached hereto as Exhibit 2.

16. Plaintiff submitted three written FOIA/Privacy Act requests to the CIA during the six year period prior to the date he filed his complaint. By letter dated 6 July 2003 Plaintiff requested "information or records on Philip Thomas Ramstack. . . ." A true and correct copy of Plaintiff's 6 July 2003 letter is attached hereto as Exhibit 3.

17. By letter dated 11 July 2003, the CIA acknowledged receiving Plaintiff's 6 July 2003 letter. The CIA assigned Plaintiff's request reference number P-2003-00494. The CIA also informed Plaintiff that in accordance with CIA Privacy Act regulations, he was required to provide a notarized statement containing additional information such as his full legal name, address, date and place of birth, and current citizenship status in order for processing on his request to begin. The CIA further informed Plaintiff that his request would be held in abeyance for 45 days pending his reply. A true and correct copy of CIA's 11 July 2003 letter is attached hereto as Exhibit 4. The CIA did not receive a response from

Plaintiff to its 11 July 2003 letter and his request was administratively closed.

18.  By letter dated 8 December 2003, Plaintiff requested copies of all information regarding himself from June 1973 to December 1995.  A true and correct copy of Plaintiff's 8 December 2003 letter is attached hereto as Exhibit 5.

19.  By letter dated 24 December 2003, the CIA acknowledged receiving Plaintiff's 8 December 2003 request. The CIA assigned this request reference number P-2004-00209.  The letter informed Plaintiff that the CIA had already conducted two earlier searches for records pertaining to himself (reference numbers P88-0998[4] and P92-2365) and that both searches resulted in no records being located.  Therefore, the CIA notified Plaintiff that they "accepted [his] request for an updated search" and that the "updated search will be for documents in existence from 4 January 1993, the date of our previous acceptance letter, through the date of this acceptance letter."  Plaintiff did not object to the CIA's plan to conduct an updated search as described in the CIA's 24 December 2003 letter.  A true

---

[4] Plaintiff also filed a request in 1988 in response to which no records were located.  However, the file containing the correspondence regarding Plaintiff's 1988 request has been destroyed pursuant to CIA's regular records maintenance procedures.

and correct copy of the CIA's 24 December 2003 letter is attached hereto as Exhibit 6.

20.    The CIA processed Plaintiff's request in accordance with the procedure described above.  The CIA conducted diligent searches of relevant systems of records that were reasonably calculated to discover any CIA-originated records responsive to Plaintiff's 8 December 2003 request.  Specifically, the CIA searched records maintained in the National Clandestine Service[5] (NCS) and the Directorate of Support, Office of Security.  The components searched their records using variations of the requestor's name, Thomas Philip Ramstack, along with his social security number and approximate date of birth.[6] These diligent searches failed to locate any records.

21.    By letter dated 9 January 2004, the CIA notified Plaintiff that his request was processed in accordance with the FOIA and the Privacy Act.  The CIA informed Plaintiff that other than correspondence pertaining to his previous FOIA/Privacy Act requests, which were not provided because Plaintiff already had copies, the CIA found no information

---

[5] At the time of the processing of Plaintiff's 8 December 2003 request, the NCS was referred to as the Directorate of Operations (DO).
[6] In conducting FOIA and Privacy Act searches, the CIA only uses date of birth and social security number for records systems that are searchable with such data.  For records systems that are not searchable by date of birth and social security number, searches are conducted using only variations of the requestor's name.

or record responsive to Plaintiff's request.  The CIA also
informed Plaintiff that he had a right to appeal the
finding to the Agency Release Panel.  A true and correct
copy of CIA's 9 January 2004 letter is attached hereto as
Exhibit 7.

22.  By letter dated 2 February 2004, Plaintiff
exercised his right to appeal CIA's 9 January 2004
response.  A true and correct copy of Plaintiff's 2
February 2004 letter is attached hereto as Exhibit 8.

23.  By letter dated 17 February 2004, the CIA
accepted Plaintiff's appeal.  A true and correct copy of
CIA's 17 February 2004 letter is attached hereto as Exhibit
9.

24.  As part of Plaintiff's appeal, the relevant
components - National Clandestine Service and Directorate
of Support, Office of Security - conducted another thorough
search, to include all records, using the same search terms
used in the first search.  Once again, the CIA was unable
to locate any records pertaining to Plaintiff.

25.  By letter dated 26 April 2004, the CIA's Agency
Release Panel notified Plaintiff that it considered his
appeal and confirmed that the CIA was unable to locate any
responsive records.  Accordingly, the CIA denied

Plaintiff's appeal.  A true and correct copy of CIA's 26 April 2004 letter is attached hereto as Exhibit 10.

26.  By letter dated 20 February 2007, Plaintiff again requested copies of all information regarding himself from June 1973 to the present.  A true and correct copy Plaintiff's 20 February 2007 letter is attached hereto as Exhibit 11.

27.  By letter dated 7 March 2007, the CIA acknowledged receiving Plaintiff's 20 February 2007 request.  The CIA assigned this request reference number P-2007-00336.  The letter informed Plaintiff that the CIA had previously conducted several searches for records pertaining to himself and that the searches resulted in no records being located.  Therefore, the CIA notified Plaintiff that they "accepted [his] request for an updated search" and that unless he objected, the "updated search will be for CIA originated documents existing from 24 December 2003, the date of our previous acceptance letter, through the date of this acceptance letter."  Plaintiff did not object to the CIA's plan to conduct an updated search as described in the CIA's 7 March 2007 letter.  A true and correct copy of the CIA's 7 March 2007 letter is attached hereto as Exhibit 12.

28.  The CIA processed Plaintiff's request in accordance with the procedure described above.  The CIA conducted diligent searches of relevant systems of records that were reasonably calculated to discover any CIA-originated records responsive to Plaintiff's 20 February 2007 request.  Specifically, the CIA searched records maintained in the National Clandestine Service and the Directorate of Support, Office of Security.  The components searched their records using variations of the requestor's name, Thomas Philip Ramstack, along with his social security number and date of birth.  These diligent searches failed to locate any records.

29.  By letter dated 20 March 2007, the CIA notified Plaintiff that his request was processed in accordance with the FOIA and the Privacy Act.  The CIA informed Plaintiff that other than correspondence pertaining to his previous FOIA/Privacy Act requests, which were not provided because Plaintiff already had copies, the CIA found no information or record responsive to Plaintiff's request.  The CIA also informed Plaintiff that he had a right to appeal the finding to the Agency Release Panel.  A true and correct copy of CIA's 20 March 2007 letter is attached hereto as Exhibit 13.

30.  By letter dated 27 March 2007, Plaintiff exercised his right to appeal the CIA's 20 March 2007 response.  A true and correct copy of Plaintiff's 27 March 2007 letter is attached hereto as Exhibit 14.

31.  By letter dated 9 April 2007, the CIA accepted Plaintiff's appeal.  A true and correct copy of CIA's 9 April 2007 letter is attached hereto as Exhibit 15.

32.  As part of Plaintiff's appeal, the relevant components - National Clandestine Service and Directorate of Support, Office of Security - conducted another thorough search, to include the same records systems previously searched and the same search terms.  Once again, the CIA was unable to locate any records pertaining to Plaintiff.

33.  By letter dated 15 June 2007, the CIA's Agency Release Panel notified Plaintiff that it considered his appeal and that despite thorough and diligent searches of the appropriate records systems, the CIA was unable to locate any responsive records.  Accordingly, the CIA denied Plaintiff's appeal.  A true and correct copy of CIA's 15 June 2007 letter is attached hereto as Exhibit 16.

\*   \*   \*   \*

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this /8t day of July, 2008.


Delores Nelson
Information and Privacy Coordinator
Central Intelligence Agency

# EXHIBIT 1

04 JAN 1993

Mr. Thomas P. Ramstack
11160 Veirs Mill Road
L15-169
Wheaton, Maryland  20902

Reference:  P92-2365

Dear Mr. Ramstack:

This acknowledges receipt of your letter dated 14 December 1992 wherein you requested information about yourself.  For identification purposes we have assigned your request the number referenced above.

We have accepted your request; it will be processed in accordance with the Freedom of Information Act (FOIA), 5 U.S.C. 552, as amended, and the Privacy Act of 1974, 5 U.S.C. 552a. Our search will be for documents in existence as of and through the date of this acceptance letter.  No fees will be charged.

The heavy volume of FOIA requests received by the Agency has created delays in processing.  Since we cannot respond within the 10 working days stipulated by the FOIA, you have the right to consider this a denial and may appeal to the CIA Information Review Committee.  It would seem more reasonable, however, to have us continue processing your request and respond as soon as we can.  You can appeal any denial of records at that time.  Unless we hear from you otherwise, we will assume that you agree, and we will proceed on this basis.

Sincerely,

John H. Wright
Information and Privacy Coordinator

OIT/IMG/IP&CRD/RAB/MVS/4 January 1993

Distribution:
  Orig - Adse
     1 - Chrono
     1 - IP&CRD/P92-2365  ACK (Ready to process under FOIA/PA)

     ID# 20819

EXHIBIT 2

2 3 FEB 1993

Mr. Thomas P. Ramstack
11160 Veirs Mill Road
L15-169
Wheaton, Maryland 20902

Reference: P92-2365

Dear Mr. Ramstack:

This is the final response to your request for information on yourself. Your request was processed in accordance with the Freedom of Information Act and the Privacy Act. Our processing included a search for records in existence as of and through the date of our acceptance letter dated 4 January 1993.

We were unable to identify any information or record filed under your name or names which you have provided.

Although our searches were thorough and diligent, and it is highly unlikely that repeating those searches would change the result, you nevertheless have the legal right to appeal the finding of no records responsive to your request. Should you choose to do so, you may address your appeal to the CIA Information Review Committee, in my care, and you should explain the basis of your appeal.

We appreciate your patience and understanding during the period required to process your request.

Sincerely,

John H. Wright
Information and Privacy Coordinator

OIT/IMG/IP&CRD/MVS/rab/23Feb93

Distribution:
    Orig - Adse
       1 - Chrono
       1 - IP&CRD/P92-2365 NRA

    ID#21219

# EXHIBIT 3

**PhoneTools**

BVRP

P.O. Box 8781
Silver Spring, MD 20907

| | Tom Ramstack |
|---|---|
| TO | CIA |
| | Info and Privacy Coordinator |

| Page(s) | 1 |
|---|---|
| 12 / 🕐 | 07/06/2003    2:57 PM |

—Message—

Information and Privacy Coordinator
Central Intelligence Agency
Washington, DC 20505

Dear Coordinator,

Under the Freedom of Information Act, 5 U.S.C. subsection 552, I am requesting information or records on Thomas Philip Ramstack, Social Security No. ███████████, particularly as it relates to any international disputes in which I was involved, beginning in 1973 and continuing to the present.

If there are any fees for searching for, reviewing, or copying the records, please let me know before you task my request.

If you deny all or any part of this request, please cite each specific exemption you think justifies your refusal to release the information and notify me of appeal procedures available under the law.

If you have any questions about handling this request, you may telephone me at my home phone, 301-585-3450.

Sincerely,

Tom Ramstack
816 Easley Street, #407
Silver Spring, MD 20910

e-mail: tramstack@aol.com
phone: 301-585-3450

Fax : 301-585-4324          Phone : 301-585-3450

EXHIBIT 4



Central Intelligence Agency

Washington, D.C. 20505

11 July 2003

Mr. Thomas P. Ramstack
816 Easley Street #407
Silver Spring, MD 20910

Reference: P-2003-00494

Dear Mr. Ramstack:

   This acknowledges receipt of your facsimile dated 6 July 2003 wherein you requested information pertaining to yourself. For identification purposes we have assigned your request the number referenced above.

   The Privacy Act requires federal agencies to ensure that improper disclosure of personally identifiable information about an individual will not occur. Therefore, CIA Privacy Regulations, Title 32 C.F.R. § 1901.13, set forth the following requirements:

> An individual seeking access to or amendment of records about himself shall provide in the letter of request his full (legal) name, address, date and place of birth, and current citizenship status together with a statement that such information is true under penalty of perjury or a notarized statement swearing to or affirming his identity. In the case of an individual who is an alien lawfully admitted for permanent residence, said individual shall provide his or her alien registration number and the date that status was acquired.

   Before we can begin processing your request, we must receive from you a notarized statement or statement signed under penalty of perjury (28 U.S.C. § 1746) containing all of the information outlined above. The statement should verify that you are a U.S. citizen or an alien admitted for permanent residence. Although not required, we would appreciate any other information you would care to provide that would make our search more accurate.

   Meanwhile, we will hold your request in abeyance for 45 days from the date of this letter pending your reply. Please cite the reference number above on future correspondence. If you would prefer to fax in your information, our fax number is 703-613-3007.

Sincerely,

Chris K.

Kathryn I. Dyer
Information and Privacy Coordinator

# EXHIBIT 5

Your Personal FOI Request Letter                                                    Page 1 of 2

Thomas Philip Ramstack                          P-2004-00209
816 Easley Street #407
Silver Spring, MD 20910
USA                                             DEC 19 '03 AM 10:38
301-585-3450

December 8, 2003

CENTRAL INTELLIGENCE AGENCY
Information & Privacy Coordinator
Washington, DC 20505
(703) 613-1289
fax (703) 613-3007

**FOIA REQUEST**

Dear FOI Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. s. 552, I request access to and copies of I request access to and copies of all information available to your agency on me, Thomas Philip Ramstack, from June 1973 through December 1995.

I agree to pay reasonable duplication fees for the processing of this request in an amount not to exceed $$500. However, please notify me prior to your incurring any expenses in excess of that amount.

As a representative of the news media I am only required to pay for the direct cost of duplication after the first 100 pages. Through this request, I am gathering information on I am gathering information on myself that is of current interest to the public because that is of current interest to the public because of the international politics involved in disputes to which I was a party between the United States and other countries, particularly the Soviet Union. This information is being sought on behalf of *Freelance* for dissemination to the general public. I have been a professional journalist for more than 20 years and intend to publish a book based on the information you could provide.

Please waive any applicable fees. Release of the information is in the public interest because it will contribute significantly to public understanding of government operations and activities.

The aforementioned information could be important as a behind-the-scenes contribution to Cold War politics.

If my request is denied in whole or part, I ask that you justify all deletions by reference to specific exemptions of the act. I will also expect you to release all segregable portions of otherwise exempt material. I, of course, reserve the right to appeal your decision to withhold any information or to deny a waiver of fees.

As I am making this request as a journalist and this information is of timely value, I would appreciate your communicating with me by telephone, rather than by mail, if you have questions regarding this request.

I look forward to your reply within 20 business days, as the statute requires.

http://www.rcfp.org/cgi-bin/foi_lett.cgi                                    12/8/2003

Thank you for your assistance.

Very truly yours,

Thomas Philip Ramstack

Social Security No. ████████████

# EXHIBIT 6

Central Intelligence Agency



Washington, D.C. 20505

24 December 2003

Mr. Thomas P. Ramstack
816 Easley St., #407
Silver Spring, MD 20910

Reference: P-2004-00209

Dear Mr. Ramstack:

This acknowledges receipt of your letter dated 8 December 2003 wherein you requested information pertaining to yourself. For identification purposes we have assigned your request the reference number above.

Our records reflect that we have conducted two earlier searches for records pertaining to yourself (P88-0998 and P92-2365), with both search results being "No Records Located."

We have, however, accepted your request for an updated search. It will be processed in accordance with the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, and the Privacy Act of 1974, 5 U.S.C. § 552a. Our updated search will be for documents in existence from 4 January 1993, the date of our previous acceptance letter, through the date of this acceptance letter. No fees will be charged.

The heavy volume of FOIA requests received by the Agency has created delays in processing. Since we cannot respond within the 20 working days stipulated by the FOIA, you have the right to consider this a denial and may appeal to the Agency Release Panel. It would seem more reasonable, however, to have us continue processing your request and respond to you as soon as we can. You can appeal any denial of records at that time. Unless we hear from you otherwise, we will assume that you agree, and we will proceed on this basis.

Sincerely,

Chris K.

Robert T. Herman
Information and Privacy Coordinator

# EXHIBIT 7

Central Intelligence Agency



Washington, D.C. 20505

9 January 2004

Mr. Thomas P. Ramstack
816 Easley St., #407
Silver Spring, MD  20910

Reference:  P-2004-00209

Dear Mr. Ramstack:

This is a final response to your 8 December 2003 request for information on yourself.  Your request was processed in accordance with the Freedom of Information Act (FOIA) and the Privacy Act (PA).  Our processing included an updated search for records in existence from 4 January 1993 through the date of our acceptance letter dated 24 December 2003.

Other than correspondence pertaining to your previous FOIA/PA requests that we are not providing since you already have copies, we were unable to identify any information or record filed under your name.

Although our searches were thorough and diligent, and it is highly unlikely that repeating those searches would change the result, you nevertheless have the legal right to appeal the finding of no records responsive to your request.  Should you find it necessary to do so, you may address your appeal to the Agency Release Panel within 45 days from the date of this letter, in my care, explaining the basis of your appeal.

We appreciate your patience and understanding during the period required to process your request.

Sincerely,

*Chris K.*

Robert T. Herman
Information and Privacy Coordinator

# EXHIBIT 8

Robert T. Herman                                                    Feb. 2, 2004
Information and Privacy Coordinator
Central Intelligence Agency
Washington, DC 20505                                      FEB12'04 AM 9:12


Reference: P-2004-00209


Dear Mr. Herman,

        In your letter of Jan. 9, 2004, you said I have the option of appealing your finding of no
records in response to my Dec. 8, 2003 request for information on me under the Freedom of
Information Act and the Privacy Act.

        I hereby choose to appeal your finding of no records. Your response fails to acknowledge
information on me involving a dispute with agents of the former Soviet Union, beginning in the
summer of 1973 in Spain and continuing for about 15 years after my return to the United States.
The aforementioned incidents were widely known in Europe and to members of several
presidential administrations. Among the results of the conflicts was permanent brain damage I
suffered as a result of poisonings by Soviet agents.

        Although the records might not be readily accessible in the first files you search, no doubt
they could be acquired with a more diligent search.

        If there are any fees for searching for, reviewing or copying the records, please let me
know before you task my request. If you deny all or any part of this request, please cite each
specific exemption you think justifies your refusal to release the information and notify me of any
additional appeal procedures available under the law.

        If you have any questions about handling this request, you may telephone me at my
home.


Sincerely,

*Tom Ramstack*

Tom Ramstack
816 Easley Street #407
Silver Spring, MD 20910

Phone: 301-585-3450
e-mail: tramstack@aol.com

# EXHIBIT 9

Central Intelligence Agency



Washington, D.C. 20505

17 February 2004

Mr. Tomas P. Ramstack
816 Easley Street, #407
Silver Spring, Maryland 20910

Reference: P-2004-00209

Dear Mr. Ramstack:

This is in response to your letter dated 2 February 2004 that was
received in this office on 12 February 2004 in which you appealed the
9 January 2004 determination of this agency in response to your 8 December
2003 Freedom of Information Act and Privacy Act request for information on
yourself. Our processing included an updated search for records in existence
from 4 January 1993 through the date of our acceptance letter dated
24 December 2003.

Specifically, you are appealing our determination that we were unable
to identify any information or record filed under your name.

Your appeal has been accepted and arrangements will be made for its
consideration by the appropriate members of the Agency Release Panel. You
will be advised of the determinations made.

In order to afford requesters the most equitable treatment possible, we
have adopted the policy of handling appeals on a first-received, first-out basis.
At the present time, our workload consists of approximately 280 appeals
awaiting completion. In view of this, some delay in our reply must be
expected, but I can assure you that every reasonable effort will be made to
complete a response as soon as possible.

Sincerely,

*Nancy L. Nollk*

ᵍᵐRobert T. Herman
Information and Privacy Coordinator

EXHIBIT 10

Central Intelligence Agency



Washington, D.C. 20505

APR 26 2004

Mr. Thomas P. Ramstack
816 Easley Street, #407
Silver Spring, MD 20910

Reference: P-2004-00209

Dear Mr. Ramstack:

This is in response to your 2 February 2004 letter in which you appealed
the 9 January 2004 determination of this Agency in response to your
8 December 2003 Freedom of Information Act and Privacy Act request for
information pertaining to yourself. Our processing included an updated search
for records in existence from 4 January 1993 through the date of our
acceptance letter dated 24 December 2003.

Specifically, you appealed our determination that we were unable to
identify any information or record filed under your name.

In accordance with Agency regulations set forth in parts 1900 and 1901
of title 32 of the Code of Federal Regulations (C.F.R.), the Agency Release
Panel has considered your appeal. We confirm that we were unable to identify
any information or record filed under your name. Therefore, pursuant to
subparagraphs 1900.41 and 1901.41 of title 32 of the C.F.R., the Agency
Release Panel has denied your appeal.

In accordance with the provisions of the Freedom of Information Act
and the Privacy Act, you have the right to seek judicial review of this
determination in a United States district court.

We appreciate your patience while your appeal was being considered.

Sincerely,

ORIGINAL SIGNED

Alan Tate
Acting Executive Secretary
Agency Release Panel

EXHIBIT 11

P. 2007-00336

Feb. 20, 2007

Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

Dear Coordinator:

Under the Freedom of Information Act, 5 U.S.C. subsection 552, I am requesting information or records on me, Thomas Philip Ramstack, from June 1973 through the present.

My Social Security number is ▇▇▇▇▇. My date of birth is▇▇▇▇▇ I was born in Wichita, Kansas.

If there are any fees for searching for, reviewing, or copying the records, please let me know before you task my request. You can e-mail me your response and records if you prefer.

If you deny all or any part of this request, please cite each specific exemption you think justifies your refusal to release the information and notify me of appeal procedures available under the law.

If you have any questions about handling this request, you may telephone me at home.

Sincerely,

*Tom Ramstack*

Tom Ramstack
816 Easley Street, No. 407
Silver Spring, MD 20910

Phone: 301-585-3450
e-mail: tramstack@aol.com
Social Security No.▇▇▇▇▇

# EXHIBIT 12

Central Intelligence Agency



Washington, D.C. 20505

**MAR 0 7 2007**

Mr. Thomas P. Ramstack
816 Easley Street, No. 407
Silver Spring, MD 20910

Reference: P-2007-00336

Dear Mr. Ramstack:

We have received your 20 February 2007 letter requesting information about you. We have assigned your request the reference number above. Please use it when communicating with us so that we can easily identify your request.

Our records reflect that we have previously conducted several searches for records pertaining to you and were unable to locate any information or records filed under your name.

We have accepted your request for an updated search. It will be processed in accordance with the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, and the Privacy Act of 1974, 5 U.S.C. § 552a. Unless you object, our updated search will be for CIA-originated documents existing from 24 December 2003, the date of our previous acceptance letter, through the date of this acceptance letter. No fees will be charged.

The large number of FOIA requests CIA receives has created unavoidable processing delays making it unlikely that we can respond within the 20 working days the FOIA requires. You have the right to consider our honest appraisal as a denial of your request and you may appeal to the Agency Release Panel. A more practical approach would permit us to continue processing your request and respond to you as soon as we can. You will retain your appeal rights and, once you receive the results of our search, can appeal at that time if you wish. We will proceed on that basis unless you tell us otherwise.

Sincerely,

*Chris Y.*

for Scott Koch
Information and Privacy Coordinator

# EXHIBIT 13

Central Intelligence Agency



Washington, D.C. 20505

**MAR 2 0 2007**

Mr. Thomas P. Ramstack
816 Easley Street, No. 407
Silver Spring, MD  20910

Reference: P-2007-00336

Dear Mr. Ramstack:

This letter is a final response to your 20 February 2007 request for information on you. Your request was processed in accordance with the Freedom of Information Act (FOIA) and the Privacy Act (PA). Our processing included an updated search for CIA-originated documents existing from 24 December 2003 through the date of our acceptance letter dated 7 March 2007.

Other than correspondence pertaining to your previous PA/FOIA requests that we are not providing since you already have copies, we were unable to identify any information or record filed under your name.

Our searches were thorough and diligent, and it is highly unlikely that another effort would change the result. Nevertheless, you have the legal right to appeal our inability to find relevant records. You may address your appeal to the Agency Release Panel, in my care, within 45 days of the date of this letter. Please explain the basis of your appeal.

We appreciate your continued patience and understanding while we processed your request.

Sincerely,

*Chis K.*

Scott Koch
Information and Privacy Coordinator

# EXHIBIT 14

Agency Release Panel                                                    March 27, 2007
c/o Scott Koch
Information and Privacy Coordinator
Central Intelligence Agency
Washington, DC 20505

Reference: P-2007-00336

Dear Mr. Koch,

   I choose to exercise my option for appeal described in your March 20, 2007 letter to me
saying that that CIA has no records on me. Your final response was prompted by my Feb. 20,
2007 Freedom of Information Act request.

   Please forward my appeal to your Agency Release Panel.

   As you noted in your letter, I have previously filed FOIA requests, all of which came back
indicating you had no records on me. This time, I ask that your Agency Release Panel explain
why they would have no information on me considering each of the facts I describe in this letter.

   I suffer from toxic encephalopathy, a form of brain damage that apparently resulted from
poisonings by Soviet agents during the Cold War. I have mentioned this in my previous FOIA
requests but every time the CIA has disavowed knowledge of my situation.

   The brain damage has prevented me from knowing or gathering detailed evidence previously.
New information I received recently from the U.S. Army has shed light on the situation, which
you should be able to document.

   I was unwittingly involved in a 1973 secret war in Spain. My symptoms of brain damage
include seizures and memory lapses, particularly for long-term memory around the time of the
apparent poisonings. I also seem to recall confrontations with Soviet agents in the United States
on several occasions, some of them in Lawrence, Kan., Kansas City and Silver Spring, Md.

   In August, I received a letter from the Department of Veterans Affairs addressed to me as a
veteran and warning me of a computer security breach that could affect me and many other
veterans.

   I called the telephone number listed in the letter to ask when their records show I served in
the military. The man I spoke with looked up my records under my Social Security number and
found that I was in the U.S. Army from Nov. 1, 1973 through Nov. 2, 1975.

   I asked if there was any other Army department I could check to ensure the information was
correct. He referred me to the Veterans Affairs headquarters in Philadelphia, where again I was
told their records showed I served in the Army between Nov. 1, 1973 and Nov. 2, 1975.

   As I recall through a haze of muddled memories and brain damage, I traveled to Spain as a
17-year-old foreign student for a semester abroad. While I was staying at a private home in
Valladolid, Spain, I was attacked by Soviet military personnel who held me captive for a week,
beat me, tied me up, apparently poisoned me and threatened to kill me.

   I seem to recall that I later was contacted by someone from the U.S. Embassy in Madrid, who
sent General Alexander Haig to speak with me. We discussed the fact that the Soviets were
infiltrating into Spain in an apparent invasion attempt. The American air base at Torrejon
appeared to be one of their targets.

It was then -- sometime around November 1973 -- that I seem to recall I told General Haig I would volunteer to help out, which I think included induction into the U.S. Army.

If my memory serves me correctly, during the next few weeks, the Spanish Army forcibly expelled the Soviets from Valladolid and the surrounding area, resulting in numerous deaths.

My doctor asked a few years ago about unusual scars in my lower intestine after a routine colonoscopy at Holy Cross Hospital in Silver Spring. I told her they might be remnants of the time Soviet soldiers repeatedly jammed a knife up my anus.

On another occasion, Sen. Ernest Hollings called security on me during a Senate Commerce, Science and Transportation Committee hearing I was covering in the course of my work as a journalist because of severe seizures I was suffering. He assumed I was trying to be disruptive.

I have tried tracking down the exact source of my brain damage previously. I called family members, old college roommates, college professors and other people who I had not seen since my teenage years. I also called the Spanish Embassy. None knew what I was talking about and all seemed uncomfortable with such a strange request for information.

I have gone about as far as I can in finding details as I can by myself. Before you dismiss my appeal, I ask that you speak with the following persons to determine what they might know about my situation and its connection with the Cold War.

1. Janet Gillis, a CIA agent in middle management. I worked with her in 1998 for one season with the Maryland Renaissance Festival, which was a part-time job for both of us. She observed the seizures and also seemed to be aware of my conflicts with the Soviets.

2. William Webster, former CIA director. I had numerous terse conversations with him regarding the Soviets and my role in the Cold War.

3. David Coleman, a former CIA agent. I rented a room from him briefly after I moved to Washington in 1988. On one occasion, he spoke with William Webster on the telephone about me.

4. Alexander Haig, former Secretary of State. If my memory serves me correctly, he was the one who signed me up for the Army in November 1973. I think he also would know about subsequent conflicts I had with the Soviets. He lives in Florida, where he is a talk show host.

5. Senator Olympia J. Snowe. She observed seizures I suffered during a Senate hearing on unrelated matters. If my memory serves me correctly, she also was present during an Association of American Railroads Christmas party at the Mayflower Hotel in downtown Washington, D.C., in 1998 when Soviet agents slipped some kind of toxin into a plum wine and a punch that many partygoers drank, resulting in heart attacks and erratic behavior by several of them.

6. Dr. David D. Weisher, a neurologist and graduate of Georgetown University Medical Center. Before he moved to his current home in the Virgin Islands, he ran a neurology clinic in Greenbelt, Md. Among his patients was former CIA director William Casey. I visited him in the early 1990s. He administered magnetic resonance imaging with dye contrast on my brain, where he found significant damage to the pineal gland, the hypothalamus and scar tissue on other parts of my brain. He told me that he had a legal obligation to report the damage to law enforcement agencies because it appeared to be a result of violence. He also told me the damage was permanent. I have been unable to get a response from him so far, but you might have better luck. The address I found for him on the Internet is the following:
Dr. David D. Weisher
St. Thomas Sleep Center
Paragon Medical Building, Suite 305

9149 Estate Thomas
St. Thomas, USVI 00802

Telephone: 340-777-7533
Fax: 340-776-7085
e-mail: sleepvi@hotmail.com

One other thing, you should be able to verify through my passport records and Social Security number that on Nov. 1, 1973, I was 17 years old and living in Spain. My parents were in Kansas. There is no way I could have joined the Army unless there was some kind of extenuating circumstance that would allow the Army recruiters to get around the 18 year old minimum age requirement for enlistment. In this case, I believe the extenuating circumstance was a secret war. It's difficult for me to believe the CIA would have no record of it.

In my frustration over years of disability and chasing up blind alleys to get information, I have written a book that is fictionalized but closely follows the facts. I self-published it under the pen name Tom Mann. I have enclosed it for your review. It might give you ideas on how to pursue my request for information further.

Sincerely,

Tom Ramstack
816 Easley Street, No. 407
Silver Spring, MD 20910

Phone: 301-585-3450
e-mail: tramstack@aol.com

# EXHIBIT 15

Central Intelligence Agency



Washington, D.C. 20505

9 April 2007

Mr. Thomas P. Ramstack
816 Easley Street, No. 407
Silver Spring, MD 20910

Reference: P-2007-00336

Dear Mr. Ramstack:

    We reccieved your 27 March 2007 letter in which you appealed the 20 March 2007 determination of this agency in response to your Freedom of Information Act and Privacy Act request for information on yourself.

    Specifically, you are appealing our determination that we were unable to identify any information or records filed under your name.

    Your appeal has been accepted and arrangements will be made for its consideration by the appropriate members of the Agency Release Panel. You will be advised of the determinations made.

    In order to afford requesters the most equitable treatment possible, we have adopted the general policy of handling appeals on a first-received, first-out basis. At the present time, our workload consists of approximately 200 appeals awaiting completion. In view of this, some delay in our reply must be expected, but I can assure you that every reasonable effort will be made to complete a response as soon as possible.

                                            Sincerely,

                                            Scott Koch
                            Information and Privacy Coordinator

# EXHIBIT 16

Central Intelligence Agency



Washington, D.C. 20505

Mr. Thomas P. Ramstack                                    JUN 1 5 2007
816 Easley Street, No. 407
Silver Spring, MD 20910

Reference: P-2007-00336

Dear Mr. Ramstack:

This responds to your 27 March 2007 letter appealing the 20 March 2007 determination of
this agency in response to your Freedom of Information Act and Privacy Act request for
information on yourself.

Specifically, you appealed the adequacy of our search, which resulted in the determination
that no records responsive to your request were located.

The Agency Release Panel has considered your appeal and has determined that despite
thorough and diligent searches of the appropriate records systems at the appellate level, we were
unable to locate any records responsive to your request. Therefore, in accordance with Agency
regulations, the Agency Release Panel has denied your appeal. For your information, Agency
regulations are set forth in parts 1900 and 1901 of title 32 of the Code of Federal Regulations.

In accordance with the provisions of the Freedom of Information Act and Privacy Act, you
have the right to seek judicial review of this determination in a United States district court.

Sincerely,

ORIGINAL SIGNED

Scott Koch
Agency Release Panel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Thomas Philip Ramstack, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 08-658 |
| | ) |
| Department of State, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## DECLARATION OF MARGARET P. GRAFELD

I, Margaret P. Grafeld, declare and state as follows:

1.  I am the U.S. Department of State's (Department's)
Information and Privacy Coordinator and the Director of the
Department's Office of Information Programs and Services (IPS).
In these capacities, I am the Department official immediately
responsible for responding to requests for records under the
Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Privacy
Act (PA), 5 U.S.C. § 552a, and other applicable records access
provisions. I have been in the employ of the Department of

2

State since 1974, and have served with the Department's Information Access Program for most of my tenure with the Department.  I am authorized to classify and declassify national security information pursuant to Executive Order (E.O.) 12958, as amended, and Department of State regulations set forth in 22 C.F.R. §§ 9.7, 9.14.  I make the following statements based upon my personal knowledge, which in turn is based on a personal review of existing records established for the processing of the subject requests, and upon information furnished to me in the course of my official duties.  I have read the complaint filed by the plaintiff in the above-captioned matter, and I am familiar with the efforts of Department personnel to process the subject requests.

2.  The core responsibilities of IPS include:  records access requests made by the public (under the FOIA, the Privacy Act, and the mandatory classification review requirements of E.O. 12958, as amended, or the Ethics in Government Act), members of Congress, and other government agencies, and those that have been made pursuant to judicial processes, such as subpoenas, court orders, and discovery requests; records management; privacy protection; national security classification management and declassification review; corporate records archives management; research; operation and management of the

3

Department's library; and the application of technology that supports these activities.

3.  The purpose of this declaration is to address the Department's handling of plaintiff's requests for Department of State records pertaining to himself.  A description of the administrative processing of these requests follows.

## I. ADMINISTRATIVE PROCESSING OF PLAINTIFF'S REQUESTS

### Case Control Numbers 198701114 and 198702651

4.  After receiving notice of this lawsuit, IPS searched its automated case tracking system for any requests from plaintiff going back as far as the database's earliest records (circa 1976) up to the date that the Department received notice (in the form of an improperly served complaint) that plaintiff intended to sue, March 24, 2008.  IPS found records of having received and processed two Privacy Act requests from Tom Ramstack in March and June 1987.  These requests were assigned case control numbers 198701114 and 198702651, respectively.  The case files containing the correspondence between the Department and plaintiff and documentation of the searches performed in response to these requests were destroyed in 1994 and 1995, respectively, pursuant to Department records disposition schedules approved by the National Archives and Records Administration (NARA).  Therefore, a precise description of the

4

requests cannot be provided.  Available data in the case

tracking system appear to indicate that searches of the Central

Foreign Policy Records, a principal Department records system,

and the records of the Office of Passport Services, were

conducted in both cases, and that no responsive records were

found.  However, no additional information is available to

further verify this information.

### Case Control Number 200800480

5.  By letter dated January 5, 2008 (Exhibit 1), plaintiff

submitted a request for all records or documents relevant to his

service in the U.S. military or service to any other government

agency from November 1973 through the present.  Plaintiff also

asked for any other records or documents the State Department

might have on him during the same period.

6.  By letter dated February 19, 2008 (Exhibit 2), the

Office of Information Programs and Services (IPS) acknowledged

receipt of the request, considered it a Privacy Act request

because it sought records about the requester himself, and

assigned it case control number 200800480.  In this letter, IPS

also notified plaintiff that before the Department could proceed

with the processing of his request, he needed to provide a

request bearing either his notarized signature or his signature

submitted under penalty of perjury.  This requirement, which is

5

designed to protect individuals' privacy by minimizing the risk of mistaken identity or fraudulent identity claims, is required by the Department's regulations at 22 C.F.R. §§ 171.32(b).

7.   In the same letter, IPS also informed plaintiff that the Department needed further description of the records requested, such as dates and types of any security clearances; whether he was a State Department or contracted employee; and any other information that might aid in the Department's search for documents.  Such information would be necessary to ensure that the Department could conduct a full and complete search and, potentially, for the Department to confirm whether material that might be located did in fact pertain to the requester.  The Department's solicitation of additional information was made in accordance with the Department's regulations at 22 C.F.R. § 172.32(a).

8.   In the same letter, IPS also advised plaintiff that ordinarily permanent State Department records 25 or more years old are transferred to the National Archives and Records Administration (NARA).  The letter provided plaintiff with the address for requesting records from NARA.  Additionally, plaintiff was advised that some material that he appeared to seek, such as military records, appeared to have originated with another agency.  Plaintiff was advised to contact the branch of the service in which he was enlisted for personnel records.

6

9.   Finally, in bold print, IPS' letter advised plaintiff that his request had been closed and that if he wished to pursue it, he could resubmit it to IPS with the additional information requested.

10.   To date, IPS has received no further communications from plaintiff.

11.   In summary, it appears from extant records that plaintiff's 1987 requests were processed and that no responsive records were found; plaintiff's 2008 request has been closed, consistent with published Department regulations, because plaintiff did not provide a notarized signature or penalty of perjury statement, or other information that would permit the Department to fully process his request.


I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


Executed this _11th_ day of June 2008.

Margaret P. Grafeld

# EXHIBIT 1

FREEDOM OF INFORMATION ACT REQUEST

Office of Information Programs and Services                    Jan. 5, 2008
A/ISS/IPS
Department of State, SA-2
Washington, DC 20522-8001

Dear Freedom of Information Act Coordinator,

    I hereby submit a request to the U.S. Department of the State under the Freedom of
Information Act for all records or documents relevant to my service in the U.S. military or service
to any other government agency from November 1973 through the present. I also ask for any
other records or documents the State Department might have on me during that same period.
    My legal name is Thomas Philip Ramstack. My Social Security number is ▓▓▓▓▓▓. I
was born ▓▓▓▓▓▓ in Wichita, Kansas. You may contact me at the phone number listed
below if necessary.
    I agree to pay all reasonable copying and mailing fees for this FOIA request up to $50.
Please send the information to my current address listed below. Thank you.


Tom Ramstack
816 Easley Street, No. 407
Silver Spring, MD 20910

phone: 301-585-3450
e-mail: tramstack@aol.com

# EXHIBIT 2



**United States Department of State**

*Washington, D.C. 20520*

FEB 19 2008
Case Number 200800480

Tom Ramstack
816 Easley Street, No. 407
Silver Spring, MD 20910

Dear Mr. Ramstack:

This is in response to your Freedom of Information Act/Privacy Act request, dated January 5, 2008, for copies of documents concerning your service to the U.S. Military and/or any other government agency from November 1973 to the present.

The Department of State is responsible for formulating and executing U.S. foreign policy and primarily maintains records dealing with U.S. foreign relations. The Department also maintains records of applications from U.S. citizens for U.S. passports, and visa requests from non-citizens to enter the U.S., records on consular assistance provided to U.S. citizens abroad, and records of its own employees. The Department of State is comprised of hundreds of offices and overseas posts, so requesters should be specific about the records they seek.

Before we can proceed with the processing of your request, we need the additional information in the paragraphs marked below.

☒    A dated request from you bearing an original signature (faxed photocopies cannot be accepted). Your signature must be notarized, or, if a notary is not available, you must provide the following statement: "I declare, certify, verify or state under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct."

---

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
    *Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

GRAFELD DECLARATION
Civil Action No. 08-658
Exhibit 2

- 2 -

☐    Your date of birth.

☐    Your place of birth (include city and state/country).

☐    Complete spelling of your name, and any other names or aliases by
     which you have been known.

☒    If known, the date, subject and type of records you seek; country or
     countries concerned; overseas Foreign Service offices or consulates
     originating or receiving the records; offices in the State Department
     which might have records; and whether you are or have been an
     employee of the State Department (with positions and time periods
     cited).

☐    Citizenship status (U.S. citizen, permanent resident alien of the U.S.,
     or other).

☐    For visa records, provide the location of the U.S. Foreign Service post
     abroad where application was made; type (immigration or non-
     immigrant); whether granted or denied; and the date of issuance or
     denial.

☒    For "security or clearance records," dates and types of any security
     clearances; details concerning any investigations; whether security
     matters relate to your being a State Department employee or
     contracted employee; and any other details.

☒    Any other information that you believe might be helpful in our search
     for documents.

**Expedited Processing**

☐    Due to the fact that we cannot begin processing your request at this
     time, we will not address whether your request would be entitled to
     expedited processing. If you wish to pursue this request, you may ask
     for expedited treatment when you send us a new request, and supply
     the additional information necessary to make your request valid.

*Office of Information Programs and Services*    *Inquiries:*
*U.S. Department of State, SA-2*    *Phone: 1-202-261-8484*
*Washington, DC 20522-8100*    *FAX: 1-202-261-8579*
*Website: www.foia.state.gov*    *E-mail: FOIAStatus@state.gov*

- 3 -

### Records 25 Years or Older

 The State Department ordinarily transfers permanent records to the National Archives and Records Administration when they are 25 or more years old. Accordingly, requests for records 25 years or older should be addressed to:

> National Archives and Records Administration
> 8601 Adelphi Road, Room 3110
> College Park, MD   20740-6001

### Older Passport/Visa Records

☐ For pre-1925 passport records, and visa records dating 1910-1940, please write to:
> Civil Records
> National Archives and Records Administration
> Washington, DC   20408

### Other Agency Material

 Some of the material that you seek, such as military records, appears to have been originated by another agency(ies). You may wish to contact the branch of the service in which you enlisted for your personnel records.

Please be advised that **your request has been closed in our system.** If, after noting the information cited above, you wish to pursue this request, please send us a new request, which would include the additional information noted above.

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
*Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

- 4 -

For further communications, please note our contact information at the bottom of this page. We can provide faster service if you include the case number of your request in your communications with us.

We are pleased to be of service to you.

Sincerely,

Mary T. Casto, Chief
Requester Communications Branch
*ISO 9001:2000 Certified*

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
  *Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*