UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

RECEIVED
AUG 0 7 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

THOMAS PHILIP RAMSTACK, )
                Plaintiff, )
)
v. )   Civil Action No. 08-0658 (RMU)
)
U.S. DEPARTMENT OF THE ARMY, )
CENTRAL INTELLIGENCE AGENCY, )
U.S. DEPARTMENT OF STATE, )
)
                Defendants. )

## PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, AND CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiff Thomas Philip Ramstack respectfully moves this Court to deny Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment and moves this Court for a Cross-Motion of Summary Judgment against Defendants. The grounds for these Motions are set forth in the accompanying memorandum in support. A draft Order is included herewith.

Respectfully submitted,

*[signature]*

THOMAS PHILIP RAMSTACK
Plaintiff pro se
816 Easley Street, No. 407
Silver Spring, MD 20910
Phone: (301) 585-3450

1

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS PHILIP RAMSTACK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF THE ARMY, ) <br> CENTRAL INTELLIGENCE AGENCY, ) <br> U.S. DEPARTMENT OF STATE, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 08-0658 (RMU) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, AND CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Thomas P. Ramstack, moves this Court to deny Defendants' Motion to Dismiss against the State Department and Central Intelligence Agency because of the apparent political underpinnings to his claim, which could only be resolved with Discovery of further evidence. This Court has subject matter jurisdiction over the claim because the Freedom of Information Act and Privacy Acts are federal laws. His claim for relief is clearly stated as a claim for production of documents and examination of records. Plaintiff's alleged failure to exhaust administrative remedies with respect to the State Department and CIA required by Rules 12(b)(1) or 12(b)(6) refers only to his most recent requests for information under FOIA and the Privacy Act, not previous requests going back more than 20 years. As a result, the failure to appeal the most recent requests would have no bearing on his right to proceed against the State Department and CIA.

Plaintiff also moves this Court to deny Defendants' Motion for Summary Judgment against the Army and CIA based on Defendants' assertion the agencies' "conducted numerous thorough searches pursuant to the Plaintiff's requests and did not find any responsive records with respect to his inquiry."

Plaintiff has said in his Complaint that the Department of Veterans Affairs does have a record of Plaintiff's military service. Considering the surrounding circumstances of the Cold War mentioned in the Complaint, Defendants have failed to prove the records searched could be relied upon as accurate. Defendants also have failed to rebut Plaintiff's assertion of accidental or intentional omission of the records for the foregoing political reasons.

Plaintiff is entitled to summary judgment in favor of his FOIA request based on Defendants' failure to disprove Plaintiff's assertions with anything more than a routine search of databases.

## I. **Factual Background**

Plaintiff claims to have been a member of the U.S. Army, apparently after induction on or about Nov. 1, 1973, while in Valladolid, Spain, during a Cold War confrontation with the Soviet military. His military service continued until at least Nov. 1, 1975, according to U.S. Department of Veterans Affairs records.

Plaintiff claims to have suffered military service-related injuries, including poisoning that left him with toxic encephalopathy, a form of permanent brain damage with symptoms such as seizures, memory lapses and distortions, difficulty concentrating, sleep interruption, fatigue and spontaneous utterances.

Plaintiff never was compensated by the U.S. Army for either his military service or the permanent disability he suffered as a result.

Plaintiff says his memory lapses and distortions left him unable to remember the exact nature of his service to the U.S. Army or the cause of his brain damage. The brain damage also interfered extensively with his employment, social life, income and personal well-being and took years of self-training and rehabilitation before plaintiff could return to normalcy, Plaintiff says.

Plaintiff made numerous FOIA inquiries to the U.S. Army, the Central Intelligence Agency and the U.S. Department of State, beginning around 1983 and continuing to 2008, to

3

discern the nature of his service to the U.S. Army and the cause of his brain damage but was told each time the aforementioned agencies had no record of him.

In August 2007, plaintiff received a letter from the U.S. Department of Veterans Affairs addressed to him as a veteran and warning him of a computer security breach that could affect him and many other veterans. Plaintiff called the telephone number listed in the letter to ask when their records show he served in the military. The clerk he spoke with looked up his records under his Social Security number (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) and found he was in the U.S. Army from November 1, 1973 to November 1, 1975.

The conflicting military records, apparent time of onset of toxic encephalopathy and Plaintiff's memories of surrounding events form the basis of this Complaint.

## II. Legal Standards

### A. Lack of Subject Matter Jurisdiction

Defendants' recitation of case law and rules of civil procedural correctly state the standards for lack of subject matter jurisdiction but fail to explain how they negate Plantiff's claims.

Defendants cited Thompson v. Capitol Police Board, 120 F.Supp.2d 78, 81 (D.D.C. 2000) saying, "In reviewing a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inference in the plaintiff's favor."

In this case, Plaintiff has pointed out that a record of his military service does exist in Department of Veterans Affairs files. In addition, his brain damage and surrounding events at the time the records show he was in the Army all support the inference that this Court would have subject matter jurisdiction over a FOIA and Privacy Act claim seeking information about the military service.

### B. Failure to State a Claim

4

Plaintiff's claim goes beyond a "suspicion" of wrongdoing mentioned in the standard of Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1965 (2007) and provides a factual basis for the relief sought.

Plaintiff mentioned in his FOIA and Privacy Act claim that Department of Veterans Affairs records show he was member of the Army between November 1973 and November 1975, which is also the same time his toxic encephalopathy symptoms started and he was living abroad in Spain during a time of political intrigue.

The foregoing facts thus form an adequate basis to show Plaintiff has properly stated a claim upon which relief can be granted.

### C. Summary Judgment

Summary judgment in favor of Defendants would be improper because Plaintiff continues to dispute whether Defendants have proven Plaintiff never served in the Army and incurred no military service-related injury.

Summary judgment can only be allowed when no genuine dispute exists as to any material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

Furthermore, Plaintiff's evidence of military service and a resulting injury are supported by more than a "scintilla of evidence" and could be a basis for a jury to reasonably find for the Plaintiff. Anderson, 477 U.S. at 252.

The Department of Veterans Affairs records, along with evidence of medical abnormality, present specific material evidentiary facts to support Plaintiff's claim. Fed. R. Civ. P. 56(e).

### III. Argument

#### A. Plaintiff's claims against the State Department and CIA should not be dismissed for failure to exhaust administrative remedies because the alleged failure to exhaust refers only to recent requests for information.

Defendants do not dispute that Plaintiff has properly exhausted administrative remedies regarding his search for records from the U.S. Army.

5

By Defendants' own admission in affidavits, Plaintiff's requests for FOIA and Privacy Act information go back more than 20 years.

Defendants assert a failure to exhaust administrative remedies only for recent requests for information, in 2003 for the CIA and 2008 for the State Department. However, they offer no evidence of a failure to exhaust administrative remedies for earlier requests.

Moreover, the normal six-year statute of limitations would not be a bar to Plaintiff's cause of action for earlier requests because he acquired solid evidence of his right of action only with delivery of the aforementioned August 2007 notice of a computer security breach at the Department of Veterans Affairs. As a result, the statute of limitations should begin to run from August 2007.

In addition, Plaintiff suffered toxic encephalopathy, which blurred his memory and impaired his ability to gather the evidence to present a case previously. The brain injury should support an equitable tolling of the statute of limitations.

As a result, an alleged failure to exhaust administrative remedies would not be a basis for dismissal or summary judgment in Defendants' favor.

**B. Defendants Are Not Entitled to Summary Judgment Because They Have Failed to Conduct a Reasonable and Adequate Search for Responsive Records**

Plaintiff acknowledges that the agencies named in Defendants' memorandum have conducted a search of databases traditionally used to find information about military service. Defendants' memorandum, p. 8, 10-14.

However, Defendants failed to adequately address the issues in Plaintiff's Complaint that indicate the records are not listed in traditional databases and might have been omitted.

Plaintiff stated that Department of Veterans Affairs records indicated he was 17 years old at the time of induction, one year below the legal age for induction. Plaintiff's memorandum at p. 8.

An underaged inductee could give rise to an inference of political impropriety that might explain why the record of military service was omitted – a fact not even addressed by Defendants.

Plaintiff also mentioned a Cold War confrontation in Valladolid, Spain, while he was present there in 1973, which again implicates possible political impropriety that could have resulted in an omitted record of military service. Defendants also failed to address this issue in their memorandum.

Admittedly, omitted records would not be found in traditional government databases. However, omitted records and files do not relieve the agencies of their FOIA obligations to conduct a reasonable and adequate search for responsive records.

The FOIA has a "settled policy" of "full agency disclosure." Tax Analysts v. U.S. Dep't of Justice, 845 F.2d 1060, 1064 (D.C. Cir. 1988) (quoting S.Rep.No. 89-813, at (1965), aff'd, 492 U.S. 136.

Such a search could be done, for example, by querying individuals most likely to have information on the issue. Plaintiff mentioned former Army General and Secretary of State Alexander Haig as one possibility.

## C. Defendants' Motions Presuppose a Non-Existent Department of Veterans Affairs and Defense Department Procedure for Denoting Periods of Military Service and Rank

Defendants' Motions are based largely on an assumption that a previous application for military benefits could lead the Department of Veterans Affairs to incorrectly input a claimant's period of service and rank.

Defendants stated, "The only records that indicate any military service on the part of Plaintiff appear to be the result of his own 1988 request for benefits. (Def. Ex.A., Declaration of George Wolohojian) The information within the VA record system appears to have been input as a result of his application, leading to the Plaintiff's perception that records of his service independently exist." Defendants' memorandum at p. 14.

However, there is no procedure for the Department of Veterans Affairs to input a claimant's time of service and rank based on a claim for disability benefits.

7

Plaintiff's telephone calls to Department of Veterans Affairs service representatives indicated the Department of Veterans Affairs receives records of Army service directly from the Defense Department, which keeps records for all military branches. In addition, the records are transferred to the Department of Veterans Affairs immediately after a military serviceman's departure from service.

In Plaintiff's case, his date of departure from the Army would have been in November 1975.

Defendants say Plaintiff's Department of Veterans Affairs record of service was inputted in 1988, or 13 years after Plaintiff would have left the Army.

### IV. Cross Motion for Summary Judgment

A central premise of Defendants' motions is that some unknown person erroneously inputted time of Army service for Plaintiff in Department of Veterans Affairs records as running from Nov. 1, 1973 through Nov. 1, 1975.

As mentioned above, no procedure or authorization exists in either Department of Veterans Affairs or Defense Department practices for inputting time of service years after the departure of the military personnel.

In addition, Defendants have failed to identify the persons who inputted the information and the date it was inputted. Their only explanation is a quote in an affidavit from George Wolohojian, director of the Baltimore regional office of the U.S. Department of Veterans Affairs, saying, "I have to conclude that the information in our computer system identifying Mr. Ramstack as serving in the Army from November 1973 to November 1975 was reported by Mr. Ramstack on his applications for benefits and has not been provided by any other source." Declaration of George Wolohojian at p. 2.

A Court does not need to accept inferences unsupported by facts in a moving party's pleadings. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Moreover, summary judgment is allowed when there is a lack of evidence supporting a nonmoving party's case.

As Defendants correctly stated, quoting Celotex Corp. v. Catrett, 477 U.S. 317 (1986), "The burden on the moving party may be discharged by 'showing' – that is, pointing out to the (Court) – that there is an absence of evidence to support the non-moving party's case."

In this case, there is a lack of evidence to support Defendants' assertions that Plaintiff's time of service in the Army was erroneously entered in Department of Veterans Affairs records. Instead, Defendants base the assertion on an inference from a Veterans Affairs manager (George Wolohojian) that the information was incorrectly inputted.

As a result, Defendants have failed to demonstrate "beyond material doubt" they have conducted a search reasonably adequate to discover the relevant documents or records. Truitt v. Department of State, 897 F.2d 540 (D.C. Cir. 1990) and Meeropol v. Meese, 790 F.2d 942, 956 (D.C. Cir. 1990).

### Conclusion

For all these reasons, the Court should deny Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment and grant Plaintiff's Cross-Motion for Summary Judgment seeking a writ of mandamus to compel disclosure of material sought under the Freedom of Information Act, Privacy Act and all other applicable laws.


Respectfully submitted,

*Tom Ramstack*

THOMAS PHILIP RAMSTACK
Plaintiff pro se
816 Easley Street, No. 407
Silver Spring, MD 20910
Phone: (301) 585-3450

Date: Aug. 5, 2008