UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THOMAS PHILIP RAMSTACK | ) | |
| Plaintiff, | ) ) ) ) | |
| v. | ) ) | Civil Action No. 08- 0658 (RMU) |
| DEPARTMENT OF THE ARMY, CENTRAL INTELLIGENCE AGENCY U.S. DEPARTMENT OF STATE | ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

Defendants file this Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss or in the Alternative for Summary Judgement and Opposition to Plaintiff's Cross Motion for Summary Judgment.

### I.    PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION

Plaintiff offers several unsupported arguments in his opposition to Defendants' motion. All are without merit.

#### A.    Plaintiff Does Not Contest That He Failed to Exhaust His Administrative Remedies

Plaintiff's first argument is that his claims against the State Department and CIA should not be dismissed because his failure to exhaust his administrative remedies only applies to his most recent requests to those agencies.  (Plaintiff's Opposition (*hereinafter* "Pl. Opp.") at ¶ III. A.)  Plaintiff does not contest Defendants declarations or argument that he failed to exhaust his administrative remedies with respect to his July 6, 2003 request to the CIA or his January 5,

2008 request to the State Department.  (See id.)

Plaintiff presents two arguments as to why the six year statute of limitation should not apply to his earlier requests.  First he argues that because he only received "solid evidence" of his right of action in 2007 upon receipt of a letter from the Department of Veterans Affairs ("DVA"), the time should begin to run in 2007.[1]  (Id.)  Plaintiff's second argument is that the statute of limitations should be tolled for his earlier requests to the CIA and State Department and because of his alleged brain injury. (Id.)  Both of Plaintiff's arguments fail because Plaintiff, as evidenced by his history of multiple requests prior to 2006 for information and his 1988 application for Veterans benefits, was already under the belief that he had served in the Army.  (See Exhibits A, D, and E to Defendants' Motion to Dismiss.)  Additionally, as described in the declarations of Delores Nelson and Margaret Grafeld, respectively, both the CIA and State Department conducted searches for information based upon his earlier requests and found no responsive documents.  (See Exhibits D and E to Defendants' Motion to Dismiss.)

> **B.    Defendants Conducted Reasonable Searches**

Plaintiff next argues that Defendants have failed to conduct reasonable and adequate searches for responsive records.  (Pl. Opp. at ¶ III. B.)  Plaintiff concedes however "that the agencies named in Defendants' memorandum have conducted a search of databases traditionally used to find information about military service."  (Id.)  Plaintiff's only challenge to Defendants' good faith declarations is his speculation that his records may exist in other than "traditional databases" because of "possible political impropriety" and that Defendants should inquire about his service with Alexander Haig.  (Id.)  Plaintiff's speculations and hypothetical scenarios are

---

[1] The letter from the Secretary of Veterans Affairs is dated August 2006.

insufficient to overcome the good faith declarations of agencies responding to a challenge to the adequacy of a search.  Oglesby v. United States Dep't of the Army, 920 F.2d 57, 67, n.13 (D.C. Cir. 1990).

Defendants provided three declarations of sufficient detail describing the searches, as admitted by Plaintiff, reasonably likely to produce responsive documents, thus shifting the burden to back to Plaintiff to demonstrate a lack of a good faith search.  Maynard v. CIA, 986 F.2d 547, 560 (1st Cir. 1993).  Plaintiff's Opposition fails to provide any basis to challenge the good faith of declarations or the adequacy of the search.  (Pl. Opp. at ¶ III. B.)

      C.      **Defendants' Motion Does Not Rely Upon DVA System of Inputting Records**

Plaintiff's final argument is that Defendants base their Motion upon their belief that Plaintiff's "record of service" at the DVA is the result of Plaintiff's 1988 request for Veterans Benefits.  (Id.)  Plaintiff's Complaint made no mention of his 1988 application for benefits.  (See generally, Plaintiff's Complaint.)   Defendants' reference to this application and its possible connection to the only information containing any reference to Plaintiff by any agency connected to this litigation was intended to provide the Court with the most complete information available to Defendants.  Defendants are unaware of any FOIA request made by Plaintiff to the DVA, which is not a party to this action.

      II.      **Plaintiff's Cross Motion for Summary Judgment Should Be Denied**

Plaintiff's Cross Motion argues that, because Defendants attempted to explain the reason the DVA may have any information concerning him, Defendants' somehow failed to demonstrate the reasonableness and adequacy of their searches for records.  (Pl. Opp. at ¶ IV.)  Plaintiff's argument ignores the substantial evidence in Defendants' declarations describing

multiple searches conducted. Even if Defendants failed to explain how information about Plaintiff may have been entered at the VA, the record clearly demonstrates that the Defendants conducted reasonable and adequate searches, all of which resulted in no responsive documents being found.

### III.     Conclusion

For all these reasons, the Court should dismiss this action, or in the alternative, grant summary judgment in favor of Defendants and deny Plaintiff's cross motion for summary judgment.

Respectfully Submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS D.C. Bar No. 43412
Assistant United States Attorney

_____/s/_____
LANNY J. ACOSTA, JR.,
Special Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of August 2008, I caused the foregoing Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss or in the Alternative for Summary Judgment and Opposition to Plaintiff's Cross Motion for Summary Judgment to be served on plaintiff via first class mail postage prepaid, addressed as follows:

THOMAS PHILIP RAMSTACK
816 Easley Street
Apartment 407
Silver Spring, MD 20910


_____/S_____
LANNY J. ACOSTA, JR.
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C.  20530
202-353-9895  / FAX 202-514-8780